OPINION OF THE COURT
PER CURIAM.
Fernando Guzman-Lopez petitions for review of an order of the Board of Immigration Appeals (BIA). For the reasons below, we will deny the petition for review.
Guzman-Lopez was admitted to the United States in 1990 as a lawful permanent resident. In 2006, he was charged as removable as an aggravated felon based on his state court conviction for delivery of cocaine. An Immigration Judge (IJ) found Guzman-Lopez removable and ineligible for cancellation of removal. The BIA agreed with the IJ and dismissed the appeal. Guzman-Lopez filed a timely petition for review.
We have jurisdiction to consider whether Guzman-Lopez is an aggravated felon and exercise plenary review over the BIA’s conclusion. Garcia v. Attorney General, 462 F.3d 287, 290-91 (3d Cir.2006). If a state court conviction would be punishable as a felony under the federal Controlled Substance Act, it qualifies as an aggravated felony. Evanson v. Attorney General, 550 F.3d 284, 289 (3d Cir.2008). Guzman-Lopez was convicted of the unlawful delivery of 105 grams of cocaine in violation of 35 PA. STAT. ANN. § 780-113(a)(30). *839 We have held that a conviction under that statute is analogous to 21 U.S.C. § 841(a)(1). Jeune v. Attorney General, 476 F.3d 199, 205 (3d Cir.2007).[1] Section 841(a)(1) proscribes, inter alia, the distribution of cocaine.
Citing 18 U.S.C. § 3559, Guzman-Lopez argues that the amount of cocaine he was convicted of delivering would not necessarily be punishable as a felony under federal law because § 841(b)(1)(C), which sets the penalty for distributing any amount of cocaine,[2] does not provide for a minimum sentence of at least a year. However, Section 3559(a)(3) provides that if the maximum term of imprisonment authorized for an offense is “less than twenty-five years but ten or more years,” the offense is graded as a Class C felony. Section 841(b)(1)(C) provides for a maximum sentence of twenty years, which is less than twenty-five years but more than ten years. Thus, a violation of 841(a) involving a detectable amount of cocaine is a Class C felony. Because Guzman-Lopez’s conviction would be punishable as a federal felony, he is an aggravated felon, removable as such, and ineligible for cancellation of removal. See 8 U.S.C. § 1229b(a)(3).[3]
For the above reasons, we will deny the petition for review.

.We determined that the alien's conviction in Jeune was not an aggravated felony because 21 U.S.C. § 841(b)(1)(D) and (b)(4) establish an exception for distributing small amounts of marihuana without remuneration — such offenses are punished as misdemeanors. Jeune, 476 F.3d at 205. In Jeune, it was not clear from the record whether remuneration was involved or whether the marihuana involved was more than a small amount. Section 841 does not provide such an exception for cocaine, the drug involved in Guzman-Lopez’s conviction.

. Because § 841(b)(1)(C) allows for prosecution of the distribution of any amount of cocaine, we need not reach Guzman-Lopez’s arguments regarding whether his conviction involved enough cocaine to be prosecuted under § 841 (b)( 1 )(A)(ii) or (B)(ii).

. Because Guzman-Lopez is an aggravated felon, our review of the BIA’s denial of relief is limited to constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(C). Guzman-Lopez does not raise any such claims.