**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2582
_____

NIGEL TERRENCE DAVIS MUIR,
                                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                              Respondent
_____

On Petition for Review of Order of the
Board of Immigration Appeals
(Agency No. A42 377 781)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 7, 2010
Before:  BARRY, JORDAN and GARTH, Circuit Judges

(Opinion filed: December 9, 2010)
_____

OPINION
_____

PER CURIAM

        Nigel Muir, proceeding pro se, petitions for review of a Board of Immigration

Appeals ("BIA") decision dismissing his appeal of an Immigration Judge's ("IJ")

decision ordering his removal to Panama. For the reasons discussed below, we will deny the petition for review.

Muir, a native and citizen of Panama, was admitted to the United States as a lawful permanent resident in 1991, when he was eleven years old. The Department of Homeland Security ("DHS") issued a notice to appear in 2009 charging that Muir was subject to removal from the United States because he had been convicted of an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43)(B), and because he had been convicted of violating a law relating to a controlled substance. In support of these charges, DHS alleged that Muir had two convictions in Delaware state court for possession with intent to deliver cocaine in violation of Del. Code Ann. tit. 16, § 4751.

The IJ found Muir removable as charged, noting that his convictions in state court constitute aggravated felony drug trafficking offenses. Concluding that there was no discretionary relief available, the IJ ordered Muir's removal to Panama. The BIA dismissed Muir's appeal. The BIA rejected Muir's argument that his state drug convictions did not constitute aggravated felonies. The BIA also rejected Muir's contention that he had received ineffective assistance of counsel because counsel had failed to file an application for asylum, withholding of removal, and protection under the Convention Against Torture on his behalf. This petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Because Muir was found removable for having committed an aggravated felony, our review is limited to questions

of law and constitutional claims. <u>Kaplun v. Att'y Gen.</u>, 602 F.3d 260, 265 (3d Cir. 2010). Whether Muir's convictions qualify as aggravated felonies is a question of law subject to plenary review. <u>Thomas v. Att'y Gen.</u>, -- 3d Cir. -- , 2010 WL 4188242, *6 (3d Cir. Oct. 26, 2010). Similarly, our review of Muir's claim of ineffective assistance of counsel, which is grounded in the Fifth Amendment right to due process, is <u>de</u> <u>novo</u>. <u>Fadiga v. Att'y Gen.</u>, 488 F.3d 142, 153 (3d Cir. 2007).

We have adopted two routes advanced by the BIA for determining when a state drug offense constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). <u>Thomas</u>, 2010 WL 4188242, *6. Under the "illicit trafficking" route, a state drug conviction will not constitute an aggravated felony unless the offense is a felony under the law of the convicting sovereign and the offense contains a trafficking element. <u>Id.</u> Under the "hypothetical federal felony" route, a state drug conviction constitutes an aggravated felony if the offense is punishable as a felony under the Controlled Substances Act, 21 U.S.C. §§ 801 <u>et</u> <u>seq.</u> ("CSA"). <u>Id.</u> Muir argues in his brief that his state drug convictions do not constitute aggravated felonies because they do not contain a trafficking element. The Government contends that Muir's argument is irrelevant because the BIA concluded that Muir was convicted of an aggravated felony under the "hypothetical federal felony" route, not the "illicit trafficking" route.

The BIA's decision reflects that the BIA found that Muir's convictions constitute aggravated felonies under the "hypothetical federal felony" route. Although Muir may

believe that the BIA found that his crime contained a trafficking element based on references to "illicit trafficking" in its decision, these references were to the statutory language of § 1101(a)(43)(B). For substantially the reasons stated in the BIA's decision, Muir's offenses are punishable as felonies under the CSA and thus constitute aggravated felonies.[1]

Muir also asserts that his attorney rendered ineffective assistance by failing to file an application for asylum, withholding of removal, and protection under the Convention Against Torture on his behalf. This claim lacks merit. Muir does not dispute the BIA's finding that he did not satisfy the procedural requirements for an ineffective assistance of counsel claim. In addition, the administrative record reflects that Muir's counsel obtained a continuance of the proceedings to afford Muir time to gather facts supporting an asylum or withholding of removal claim. Muir's counsel later informed the IJ that an application would not be submitted. Although Muir was present at the hearing, he did not tell the IJ that he wished to seek asylum or withholding of removal or that he had a fear of returning to Panama. Muir also does not identify in his brief the basis of a claim for asylum or withholding of removal.[2]

---

[1] Although not stated by the BIA, Muir's state convictions are punishable as felonies under the CSA because a violation of 21 U.S.C. § 841(a)(1), which prohibits. possession with intent to distribute a controlled substance, including cocaine, is punishable by a term of imprisonment of over one year. See 21 U.S.C. § 841(b)(1)(C); Gerbier v. Holmes, 280 F.3d 297, 316 (3d Cir. 2002).

[2] In addition, Muir is not eligible for asylum because his convictions constitute aggravated felonies. Jeune v. Att'y Gen., 476 F.3d 199, 201 (3d Cir. 2007).

Accordingly, we will deny the petition for review.