

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2007

# Jeune v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 05-3103

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Jeune v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1540.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1540

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-3103

JEAN JUNIOR JEUNE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of Final Decision of the
Board of Immigration Appeals
BIA No.: A37-089-885
Immigration Judge: Donald Vincent Ferlise

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 11, 2006

Before: SMITH and ROTH, *Circuit Judges*,
and IRENAS*, District Judge**

---

* The Honorable Joseph E. Irenas, Senior District Judge for the United States District of New Jersey, sitting by designation.

1

(Filed: February 20, 2007)

---

OPINION

---

SMITH, *Circuit Judge*.

The instant appeal raises a discrete issue: whether a conviction under 35 PA. CONS. STAT. ANN. § 780-113(a)(30) ("[M]anufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance"), without any additional facts, constitutes an "aggravated felony" under the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1227(a)(2)(A)(iii). It cannot. To hold otherwise would be inconsistent with our recent holding in *Garcia v. Attorney General of the United States*, 462 F.3d 287 (3d Cir. 2006), that a violation of 35 PA. CONS. STAT. ANN. § 780-113(a)(30) is not categorically an aggravated felony.

## I. Facts and Procedural History

Jean Jeune ("Jeune") filed a petition for a writ of habeas corpus and stay of removal with the United States District Court for the Eastern District of Pennsylvania, asking for review of the lawfulness of the final order of removal ordered against him by the Board of Immigration Appeals ("BIA"). Congress subsequently eliminated district court jurisdiction over habeas petitions filed by aliens concerning removal orders. *See* 8

2

U.S.C. § 1252(a)(5). Jeune's habeas petition was converted to a petition for review by this Court.

Jeune is a native and citizen of Haiti. He entered the United States as a lawful permanent resident on September 7, 1980, at the age of eleven. Jeune was arrested on February 20, 1996 for possession of marijuana and charged with one count of violating 35 PA. CONS. STAT. ANN. § 780-113(a)(30). The statute states, in relevant part:

> a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> * * *
>
> (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

*Id*. Jeune pled guilty and was sentenced to five years probation.

On February 21, 2002, he was charged with being subject to removal under INA § 237(a)(2)(A)(iii) for committing an "aggravated felony" of "illicit trafficking in a controlled substance," and under INA § 237(a)(2)(B)(i) for violating "any

3

law . . . relating to a controlled substance." *See* 8 U.S.C. § 1227(a)(2)(A)(iii), (a)(2)(B)(i). These charges followed from his conviction under 35 PA. CONS. STAT. ANN. § 780-113(a)(30). The Immigration Judge ("IJ") found that Jeune's conviction constituted an aggravated felony and therefore prevented him from applying for discretionary relief from removal. The IJ ordered Jeune removed from the United States. The BIA affirmed.

## II. Discussion

We have jurisdiction over Jeune's petition for review pursuant to 8 U.S.C. § 1252(a)(2)(D). *See Ng v. Att'y Gen.*, 436 F.3d 392, 394 (3d Cir. 2006) (noting that our jurisdiction extends to "questions of law raised upon a petition for review," including petitions for review of removal orders based on aggravated felony convictions). We exercise plenary review over Jeune's legal argument that he was not convicted of an aggravated felony. *See Tran v. Gonzales*, 414 F.3d 464, 467 (3d Cir. 2005).

Jeune contends that the IJ erred by holding that Jeune had committed an aggravated felony within the meaning of the INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B). The Government argues that we are bound by this Court's decision in *Garcia v. Attorney General of the United States*, 462 F.3d 287 (3d Cir. 2006). Though the Government is correct, we suspect that our fidelity to *Garcia* will be cold comfort to them. *Garcia* dictates

4

that the practically non-existent record in this case cannot support an aggravated felony determination. We will reverse the BIA and remand for further proceedings consistent with this opinion.

Aliens who have been convicted of an aggravated felony are ineligible for discretionary relief from an order of removal. *See* 8 U.S.C. § 1158(b)(2)(A)(ii) (asylum); 8 U.S.C. § 1229(a)(3) (cancellation of removal); 8 U.S.C. § 1231(b)(3)(B)(ii) (withholding of removal). The INA defines an aggravated felony as "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B).

We set out the framework for determining whether an offense is an aggravated felony in *Gerbier v. Holmes*, 280 F.3d 297, 313 (3d Cir. 2002). We held that there are two routes by which an offense may qualify as an aggravated felony. *Id*. Under the first route, the illicit trafficking approach, the state conviction is an aggravated felony if it is a felony under state law and contains a "trafficking element." *Id*. Under the second route, the hypothetical federal felony approach, the state conviction is an aggravated felony if it would qualify as a felony under the Federal Controlled Substances Act. *Id*. at 299.

We elaborated in *Singh v. Ashcroft*, 383 F.3d 144 (3d Cir. 2004), that we should presumptively apply the "formal

5

categorical approach" when making the *Gerbier* determination. *Id*. at 147 (citing *Taylor v. United States*, 495 U.S. 575, 600 (1990)). Under this approach, we "must look only to the statutory definitions of the prior offenses, and may not consider other evidence concerning the defendant's prior crimes, including, the particular facts underlying [a] conviction[ ]." *Singh*, 383 F.3d at 147-48 (internal quotes omitted).

However, some statutes may require departure from the formal categorical approach. *Id*. at 162. The "statute of conviction" invites departure when it is phrased in the disjunctive such that it is unclear from the face of the statute whether the conviction was an aggravated felony. *Id*. ("Where some variations meet the aggravated-felony requisites and others do not, we have . . . allowed further inquiry to see which variation was actually committed."). We held in *Garcia* that 35 PA. CONS. STAT. ANN. § 780-113(a)(30) "is disjunctive, and therefore departure from the formal categorical approach is appropriate." 462 F.3d at 293.

## A.  The Illicit Trafficking Route

In *Garcia*, we recognized that a conviction under 35 PA. CONS. STAT. ANN. § 780-113(a)(30) is a felony under state law and, therefore, constitutes an aggravated felony if it contains a "trafficking element." *See Garcia*, 462 F.3d at 293. As 35 PA.

6

CONS. STAT. ANN. § 780-113(a)(30) is not categorically clear as to whether trafficking is an element of the offense, we look to the facts of the conviction. *Garcia*, 462 F.3d at 293. To contain a trafficking element, a state felony must involve "the unlawful trading or dealing of a controlled substance." *Gerbier*, 280 F.3d at 305.

In *Garcia*, we looked to the charging instrument to determine whether the conviction contained a trafficking element. 462 F.3d at 292-293. We may look only to the records of the state conviction to establish the facts of the underlying conviction. *Singh*, 383 F.3d at 162-63. Unfortunately, the appellate record contains only three documents relating to the state conviction; the charging instrument, the sentence, and the certificate of probation. None of these documents shed any light on the facts of the conviction. Neither counsel has aided our inquiry. The record indicates only that Jeune was sentenced to five years probation, court costs, and $6,600 in restitution to "Donald Lee, Comcast Cellular Communication Corp." This record's vagueness distinguishes the instant case from *Garcia*, where the charging instrument related that "the defendant unlawfully sold and delivered a controlled substance, to wit, marijuana to an undercover police officer, and at a latter time on the same date the [defendant] possessed an additional 38 packets of marijuana [] in a quantity and under circumstances indicating intent to deliver." 462 F.3d at 293.

The *Garcia* panel concluded that, "it is clear from the

criminal complaint that Garcia pled guilty to delivery and possession with the intent to deliver." *Id*. The *Garcia* panel stated:

> In *Gerbier*, we noted that "distribution, solicitation, [and] possession with intent to distribute" suggest trading or dealing in a controlled substance. Since Garcia pled guilty to delivery and possession with the intent to deliver, the Pennsylvania equivalent of distribution and possession with the intent to distribute, his conviction indicates that he was trading or dealing in a controlled substance. Moreover, the criminal complaint clearly establishes that Garcia did in fact sell drugs to an undercover officer. For these reasons, we conclude that Garcia's Pennsylvania drug conviction is an aggravated felony under the illicit trafficking route of *Gerbier*.

*Id*. (internal citations omitted). The record before us reveals no such specificity.

The charging instrument indicates that, after Jeune's conviction, "the Commonwealth will proceed under 18 PA. CONS. STAT. ANN. § 7508 (concerning drug trafficking sentencing and penalties) and seek imposition of a sentence in accordance." The Government contends that we may conclude based solely on this information that Jeune committed an aggravated felony.

8

The Government asks us to rest our decision on this slender reed.[1]  It cannot support the IJ's decision.  The Government's argument is superficially plausible.  The very title of the sentencing provision indicates that 18 PA. CONS. STAT. ANN. § 7508 "concern[s] drug trafficking."  However, this sentencing provision is *mandatory* for convictions under 35 PA. CONS. STAT. ANN. § 780-113(a)(30).  18 PA. CONS. STAT. ANN. § 7508(c).  The sentencing provision states, in relevant part, that:

> (a) General rule.--Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:
>
>> (1) A person who is convicted of violating section 13(a)(14), (30) or (37) of the act of April 14, 1972 (P.L. 233, No. 64), known as The

---

[1] The Government "has the burden of establishing by clear and convincing evidence that, in the case of an alien who has been admitted to the United States, the alien is deportable." 8 U.S.C. § 1229a ("No decision on deportability shall be valid unless it is based upon reasonable, substantial, and probative evidence."); *see Cruz-Garza v. Ashcroft*, 396 F.3d 1125, 1132 (10th Cir. 2005) (holding that the Government failed to meet its burden of showing that a prior state conviction subjected a resident alien to deportation "because the weakness of the administrative record does not satisfy the stringent evidentiary standard").

Controlled Substance, Drug, Device and Cosmetic Act, where the controlled substance is marijuana shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

(i) when the amount of marijuana involved is at least two pounds, but less than ten pounds, or at least ten live plants but less than 21 live plants; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: two years in prison and a fine of $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.

18 PA. CONS. STAT. ANN. § 7508(a). The fact that the prosecution intended to proceed under this sentencing provision tells us no more than that Jeune was convicted under 35 PA.

10

CONS. STAT. ANN. § 780-113(a)(30). As the *Garcia* panel held that 35 PA. CONS. STAT. ANN. § 780-113(a)(30) is not categorically a trafficking offense, the Government's argument cannot stand. *See* 462 F.3d at 293. The *Garcia* holding and the argument that sentencing under 18 PA. CONS. STAT. ANN. § 7508 alone establishes a trafficking element are mutually incompatible.

If we reject the Government's argument on this point, we have no information before us to establish a "trafficking element" beyond the mere fact of the conviction. The mandatory minimums in the sentencing provision indicate that Jeune possessed less than two pounds of marijuana or fewer than ten live plants. 18 PA. CONS. STAT. ANN. § 7508(a)(1)(i). The absence of a fine "to exhaust the assets utilized in and the proceeds from the illegal activity" suggests the absence of a criminal enterprise (though the thin record leaves the basis of the $6,600 restitution payment a mystery). *See id.* The sentence of only probation suggests the possibility of a non-trafficking offense. As the *Garcia* panel stated, a person convicted under 35 PA. CONS. STAT. ANN. § 780-113(a)(30) may have been growing marijuana for personal use. 462 F.3d at 293, n.9.[2]

---

[2] The *Garcia* panel observed:

> [T]he key is whether the provision is disjunctive in a relevant sense. Here, the Pennsylvania statute describes three distinct offenses: manufacture, delivery, and possession with the

11

> intent to deliver or manufacture. Based on the
> broad scope of section 13(a)(30), it appears that
> the section may encompass conduct that does not
> involve trading or dealing. In particular, it is not
> clear that every violation of the manufacturing
> provision involves trading or dealing. For
> example, there may be circumstances in which a
> defendant simply manufactured drugs for his own
> personal use. As a result, it is unclear from the
> face of the statute whether a conviction under the
> section automatically qualifies as an aggravated
> felony. Therefore, the statute is disjunctive in a
> relevant sense and departure from the categorical
> approach is appropriate. . . .

462 F.3d at 293, n.9 (emphasis added). In this footnote, the *Garcia* Court specifically pointed to a source of ambiguity in 35 PA. CONS. STAT. ANN. § 780-113(a)(30), though not necessarily the sole source. *Id.* Therefore, the charging statement does not eliminate the relevant ambiguity by demonstrating that Jeune "unlawfully manufactured, delivered, or possessed with intent to deliver," excluding the possession with intent to manufacture offense included in the statute. The fact that the charging instrument omits the intent to "manufacture or" from the possession crime does not eliminate the ambiguity under *Garcia*. Simply put, the first "manufacturing" crime is ambiguous on its own. This is the most faithful interpretation of *Singh*, 383 F.3d at 162. Specifically, *Garcia* recognizes that just because "manufacturing" is not literally disjunctive does not mean that it is unambiguous. Pursuant to *Singh*, the *Garcia*

12

Manufacturing marijuana for personal use would arguably not be an aggravated felony. What we do know since *Garcia* is that there are some offenses within the "broad scope" of 35 PA. CONS. STAT. ANN. § 780-113(a)(30) that are not aggravated felonies, and that something more than the bare fact of conviction is required to reach that threshold. 462 F.3d at 293. We lack that here.

Moreover, this Court has indicated that we must assume that Jeune's conduct was only the minimum necessary to comport with the statute and record. *Partyka v. Att'y Gen. of U.S.*, 417 F.3d 408, 411 (3d Cir. 2005) ("Under this categorical approach, we read the applicable statute to ascertain the least culpable conduct necessary to sustain a conviction under the statute."); *Wilson v. Ashcroft*, 350 F.3d 377, 381 (3d Cir. 2003) ("Because the state statute under which Wilson pled guilty does not contain sale for remuneration as an element, we cannot determine from the state court judgment that Wilson's conviction necessarily entails a finding of remuneration."); *Steele v. Blackman*, 236 F.3d 130, 136 (3d Cir. 2001) (limiting the inquiry to what the state court must necessarily have found). To conform with these precedents, we must conclude that Jeune's conduct was the bare minimum necessary to trigger 35

---

panel focused on whether "some variations meet the aggravated-felony requisites and others do not." *Id*. Manufacturing for others is an aggravated felony. Manufacturing for one's self is likely not.

13

PA. CONS. STAT. ANN. § 780-113(a)(30) and therefore does not constitute an aggravated felony.

## B. The Hypothetical Federal Felony Route

We held in *Garcia* that the defendant's conviction was an aggravated felony under the illicit trafficking route, and it was therefore unnecessary for us proceed to the hypothetical federal felony route. 462 F.3d at 293-94. The IJ's examination of the issue was cursory, stating only that Jeune's conviction constituted "a Class E felony under Title 18, U.S.C. 3559(a)." However, as Jeune's conviction does not, on the record before us, constitute an aggravated felony under the illicit trafficking route, we must proceed to the hypothetical federal felony route.

We have held that New Jersey's similar statute "criminaliz[ing] possession of at least one ounce (and less than five pounds) of marijuana with intent to manufacture, distribute, or dispense it," is analogous to 21 U.S.C. § 841(a)(1), "which proscribes the identical conduct." *Wilson*, 350 F.3d at 381. The analogous statute to 35 PA. CONS. STAT. ANN. § 780-113(a)(30) is also 21 U.S.C. § 841(a)(1).

The instant case, however, presents a difficulty similar to that which we faced in *Wilson*. 350 F.3d at 381. We observed that:

> The matter is somewhat more complicated, however, because 21 U.S.C. §§ 841(b)(1)(D) and

14

(b)(4) establish an exception. The exception provides that a person who violates Section 841(a) "by distributing a small amount of marihuana for no remuneration" shall be punished under the misdemeanor provisions of 21 U.S.C. § 844. Thus, gratuitous distribution of an undefined "small amount" of marijuana "without remuneration is not inherently a felony under federal law." Because the state statute under which Wilson pled guilty does not contain sale for remuneration as an element, we cannot determine from the state court judgment that Wilson's conviction necessarily entails a finding of remuneration.

*Id.* (citing *Steele*, 236 F.3d at 137) (internal citations omitted). The instant case is essentially identical. The Pennsylvania statute does not contain remuneration as an element. The record, which we are permitted to examine under *Garcia*, contains no indication that Jeune was distributing marijuana for money. We must rely only on "what the convicting court must necessarily have found to support the conviction." *Steele*, 236 F.3d at 135; *see also Gerbier*, 280 F.3d at 313. Nevertheless, the Government states that "there is no basis for making the leap that this exception is the analogous federal statute to Jeune's conviction." Yet, we cannot infer remuneration where neither the face of the statute nor the record of the conviction establish that it existed. We do know from the state sentence that Garcia possessed less than two pounds of marijuana or fewer than ten live plants. *See* 18 PA. CONS. STAT. ANN. § 7508(a)(1)(i). The

15

Government contends that the federal threshold for exceeding the statutory "small amount" exception is far lower. We cannot speculate, however, as to the amount of marijuana that Garcia may have possessed.

Jeune's conviction does not, on the record before us, constitute an aggravated felony under the hypothetical federal felony route.

### III. Conclusion

Simply put, we clearly contemplated in *Garcia* situations in which a conviction under 35 PA. CONS. STAT. ANN. § 780-113(a)(30) would not constitute an aggravated felony. The instant case presents a conviction under that statute with no additional facts available from the record. We cannot hold Jeune's conviction to be an aggravated felony and remain consistent with our holding in *Garcia*.

We will grant the petition for review and remand the case to the BIA for further proceedings consistent with this opinion.

16