

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-30-2007

# Silalahi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1206

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Silalahi v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1185.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1185

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1206

IVAN DONY SILALAHI,
                              Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,
                              Respondent

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A96-203-777
Immigration Judge: Hon. R. K. Malloy

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2007

Before: RENDELL, BARRY and CHAGARES, Circuit Judges

(Opinion Filed: April 30, 2007)

OPINION

BARRY, Circuit Judge

Ivan Dony Silalahi petitions for review of the December 19, 2005 decision and

order of the Board of Immigration Appeals ("BIA") adopting and affirming the decision of the Immigration Judge ("IJ"). The IJ found that Silalahi did not timely file for asylum and did not establish his eligibility for withholding of removal or relief under the Convention Against Torture. Silalahi only seeks review of the withholding of removal claim, and we limit our discussion to that claim. We will deny the petition for review.

Silalahi is a citizen of Indonesia and a Christian. He arrived in the United States in 1997, and later married his wife, also an Indonesian Christian. The couple has two American-born children. Silalahi concedes that he did not experience any persecution in Indonesia because of his religion and, indeed, did not experience any problem being a Christian. He claims, however, that religious violence since 1998 and the rise of radical Islamic groups have made him fearful of returning to Indonesia. He points to State Department reports noting religious tension and violence in various regions of Indonesia and, in particular, relies upon a 2004 State Department Travel Warning describing the potential for attacks against United States citizens throughout Indonesia, documents with which we have not been provided.

We have jurisdiction over the order of the BIA under 8 U.S.C. §§ 1252(b)(2) and 1252(d). When the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA. See Ayuk Ako Obale v. Attorney Gen. of the United States, 453 F.3d 151, 161 (3d Cir. 2006). We will conclude that the IJ's findings of fact are supported by substantial evidence unless "any reasonable adjudicator would be compelled to conclude to the contrary." Id. (quoting Zheng v. Gonzales, 417 F.3d 379, 381 (3d Cir.

2

2005)).  We exercise plenary review over questions of law.  <u>Jeune v. Att'y Gen. of the United States</u>, 476 F.3d 199, 201 (3d Cir. 2007).

Withholding of removal is granted where a "clear probability" exists that the petitioner's "life or freedom would be threatened" upon removal to a particular country.  <u>Chen v. Gonzalez</u>, 434 F.3d 212, 216 (3d Cir. 2005).  Silalahi claims that the IJ erred in determining that he would not be persecuted by the Indonesian government on the basis of his faith or because he was the parent of United States citizens.

With respect to Silalahi's claim that he would be persecuted on the basis of his faith, the IJ found that Silalahi was a "mere member" of a congregation and would not be persecuted simply because he attended church on Sunday.  His only evidence supporting a fear of persecution was his testimony that a bombing in Bali in 2002 and a bombing of a Marriott hotel were targeted at Christians which, the IJ found, they were not.

The IJ also concluded that there was no evidence that the Indonesian government was involved in any religious conflict between Christians and Muslims in Indonesia, much less that it targeted Christians for persecution.  Rather, the IJ found, the government was actively protecting the Christian minority, and prosecuted Islamic fundamentalists responsible for attacks on Christians.  The IJ noted that Silalahi's fear that conditions could worsen was "purely speculative."  There is nothing in the record that would compel a reasonable factfinder to conclude, contrary to the conclusion reached by the IJ, that a "clear probability" exists that Silalahi would be persecuted because of his faith upon his return to Indonesia.

Neither is there anything in the record to suggest that the IJ erred when she determined that parents of United States citizens did not constitute a "particular social group" and that, even if they did, Silalahi would not face persecution as a member of that group. Indeed, there is no evidence whatsoever that parents of United States citizen – children have been or will be persecuted in Indonesia or that the children themselves will be persecuted simply because they happened to have been born in the United States. Any fear in these regards, the IJ found, was again "purely speculative."

Because Silalahi has not shown a clear probability that his life or his freedom, or the life or freedom of his children, will be threatened upon removal to Indonesia, the petition for review will be denied.