**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2936
_____

LAWSON SEAN ALEXANDER,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A075-462-825)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 23, 2011
Before:  SLOVITER, SMITH AND GREENBERG, Circuit Judges

(Opinion filed: December 28, 2011 )
_____

OPINION
_____

PER CURIAM

Lawson Sean Alexander challenges the Board of Immigration Appeals's ("BIA")

conclusion that he is ineligible for cancellation of removal because he has been convicted

of an aggravated felony.  For the following reasons, we will deny his petition for review.

I.

Alexander, a citizen of Grenada, was admitted to the United States in 1996, and granted lawful permanent resident status in 2000. In 2009, the government initiated removal proceedings against him based on a 2008 Pennsylvania conviction for delivering a controlled substance, marijuana, in violation of 35 Pa. Cons. Stat. Ann. § 780-113(a)(30). Alexander was charged with being removable on the basis that the crime of conviction is both an aggravated felony, see 8 U.S.C. § 1227(a)(2)(A)(iii), and a controlled substance violation, see § 1227(a)(2)(B)(i). He conceded the latter charge but denied that he was removable as an aggravated felon. After a hearing, the Immigration Judge ("IJ") concluded that the 2008 conviction constituted an aggravated felony based on allegations in the probable cause affidavit, which reflected that Alexander sold a pound of marijuana to an undercover officer for $900. Accordingly, the IJ found him ineligible for cancellation of removal and ordered him removed to Grenada.

The BIA concluded that the IJ appropriately considered the affidavit of probable cause because it was incorporated into the plea agreement, and agreed that the 2008 conviction constituted an aggravated felony rendering Alexander ineligible for cancellation of removal.[1] Alexander filed a timely petition for review.

---

[1] The BIA also rejected Alexander's request for a remand so that he could locate and present additional portions of his record of conviction. Alexander does not challenge that ruling.

2

II.

The only issue raised by Alexander's petition is whether the BIA erred in concluding that his 2008 conviction constitutes an aggravated felony. We have jurisdiction to address that matter, as it presents a question of law.[2] See 8 U.S.C. § 1252(a)(2)(D); Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007) (whether a conviction constitutes an aggravated felony raises a "purely legal question" falling within this Court's limited jurisdiction).

Under the "illicit trafficking" approach, a state conviction constitutes an aggravated felony if the crime is a felony under state law and includes a "trafficking" element. Jeune v. Att'y Gen., 476 F.3d 199, 201 (3d Cir. 2007). An offense of conviction includes a trafficking element if it "involve[d] the unlawful trading or dealing of a controlled substance." Garcia v. Att'y Gen., 462 F.3d 287, 293 (3d Cir. 2006) (quotations omitted). In other words, the offense must have involved the marketing of drugs. See Steele v. Blackman, 236 F.3d 130, 135 (3d Cir. 2001). As convictions under 35 Pa. Cons. Stat. Ann. § 780-113(a)(30) do not invariably qualify as aggravated felonies, the Court must resort to the modified categorical approach, which looks to the facts necessarily admitted to determine whether a given conviction qualifies as an aggravated felony. See Garcia, 462 F.3d at 293. In the guilty plea context, application of the

_____

[2] The government initially moved to dismiss Alexander's petition for lack of jurisdiction, but now recognizes that we retain jurisdiction to address the aggravated felony issue. Accordingly, we will deny the government's motion.

3

modified categorical approach permits consideration of the "statutory definition, charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Evanson v. Att'y Gen., 550 F.3d 284, 291 (3d Cir. 2008) (quotations omitted).

Here, the record of conviction before the IJ consisted of (1) the criminal complaint, which incorporated the affidavit of probable cause; (2) the criminal information; (3) the plea agreement signed by Alexander; (4) a document indicating when Alexander was arraigned and re-arraigned; and (5) an order imposing Alexander's sentence. Alexander's plea agreement establishes that he pled guilty to "deliver[ing] a Schedule I controlled substance, to wit: MARIJUANA" in violation of 35 Pa. Cons. Stat. Ann. § 780-113(a)(30), a felony under state law, as charged in count one of the information. (R. 129.) Alexander is correct that the criminal complaint and attached affidavit of probable cause normally would not be appropriate sources to consider under the modified categorical approach because they were superseded by the information. See Evanson, 550 F.3d at 293 n.7. However, his signed plea agreement explicitly incorporated the allegations of the affidavit of probable cause – i.e., that he sold a pound of marijuana to an undercover officer for $900 – as the factual basis for his plea.[3]

---

[3] Alexander argues that the BIA erred in relying on the plea agreement's reference to the affidavit of probable cause because the statement was hand-written instead of typed. Yet he acknowledged before the IJ that the plea agreement, which bears his signature, was part of his record of conviction. (R. 87.) Furthermore, there is simply no evidence that the document was altered. Nor is there any basis for Alexander's apparent belief that the affidavit of probable cause was fabricated.

Accordingly, it was appropriate for the BIA to consider the affidavit of probable cause because Alexander admitted the factual allegations therein.[4] See Shepard v. United States, 544 U.S. 13, 26 (2005) (in determining whether an element in question is necessarily admitted by a guilty plea, a court may consider "the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant"); Thomas v. Att'y Gen., 625 F.3d 134, 145-47 (3d Cir. 2010) (indicating that an officer's allegations may be considered if "[t]he factual basis for [the] plea . . . [was] placed on the record by incorporating the written statement of the police officer"). Based on those facts, Alexander's 2008 conviction constitutes an aggravated felony because it contains a trafficking element.

For the foregoing reasons, we will deny Alexander's petition for review.

---

[4] Alexander's testimony before the IJ is not a source of information that may be considered under the modified categorical approach. See Catwell v. Att'y Gen., 623 F.3d 199, 210 (3d Cir. 2010). Furthermore, we may not consider the transcript of the sentencing hearing that Alexander attached to his brief. See 8 U.S.C. § 1252(b)(4)(A).