**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
————

No. 11-1749
_____

RICARDO THOMAS,
Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
Respondent

————

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge: Honorable Andrew R. Arthur
(No. A031-406-238)

————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 6, 2012

Before: SCIRICA, AMBRO and VAN ANTWERPEN, Circuit Judges

(Filed: March 7, 2012)

————

OPINION OF THE COURT

————

VAN ANTWERPEN, Circuit Judge.

Ricardo Thomas ("Thomas") seeks our review of an order by the Board of

Immigration Appeals ("BIA") denying his application for cancellation of removal.

Thomas concedes that he is removable because of a controlled substance conviction, but

he denies that he is removable because of an aggravated felony conviction. When he was before the Immigration Judge ("IJ") Thomas contested the aggravated felony charge and sought cancellation of removal. For the reasons that follow, we deny Thomas's petition for review.

## I.

Thomas, a native and citizen of Jamaica, was admitted to the United States as a Lawful Permanent Resident on January 20, 1971. On January 30, 2009, he pleaded guilty to manufacturing, delivering, or possessing with intent to deliver a controlled substance in violation of 35 Pa. Stat. Ann. § 780-113(a)(30) in the Court of Common Pleas of Bucks County.[1] During Thomas's guilty plea, the prosecuting attorney introduced the matter and requested amendments to the criminal information. At this point, the judge asked "[w]hat happened?" The prosecuting attorney replied that police executed a search warrant on Thomas's residence and seized "103 live marijuana plants in various stages of development" and "11 cut marijuana plants." The judge asked whether there were "[a]ny questions about the facts." Thomas's attorney replied "[n]o questions." The court then stated "[a]nd it does seem to me that that provides an ample factual basis" to accept Thomas's guilty plea.

The Department of Homeland Security (DHS) served Thomas with a Notice to Appear in Immigration Court on June 15, 2010. The Notice charged that he was removable from the United States on two grounds: (1) conviction for an aggravated

---

[1] On August 10, 2009, Thomas was sentenced to eleven-and-half to twenty-three months of incarceration, and two years of probation.

2

felony pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and (2) conviction relating to a controlled substance violation pursuant to 8 U.S.C. § 1227(a)(2)(B)(I).

In front of the IJ, Thomas conceded the charge of removability pursuant to the controlled substance violation. He denied, however, the charge of removability pursuant to an aggravated felony conviction and filed a motion to dismiss the aggravated felony charge. He also filed an application for cancellation of removal. DHS filed a motion to pretermit Thomas's application for cancellation of removal, arguing that he was convicted of an aggravated felony. DHS also submitted evidence to document the convictions. The most pertinent piece of evidence for this appeal was the transcript of the plea colloquy described above.

The IJ granted DHS's motion to pretermit. The IJ held that Thomas assented to the prosecutor's statements during his guilty plea regarding the number of marijuana plants, or alternatively, that even if Thomas did not assent to the facts, the plea colloquy transcript was sufficient to conclude that the facts formed the basis of Thomas's conviction.[2]

Thomas contended that he qualified for the "small amount of marihuana" exception set forth in 21 U.S.C. § 841(b)(4). The evidence of the number of plants during the plea colloquy was instrumental to the IJ's determination that Thomas possessed more than a "small amount of marihuana." Under 21 U.S.C. § 841(b)(1)(D)

---

[2] The IJ also made determinations regarding (1) whether he could rely on the criminal complaint that had been superseded by a criminal information in determining whether the conviction was an aggravated felony, and (2) whether Thomas's conviction satisfied the illicit trafficking approach. The IJ's rulings on these issues are not challenged by the parties on appeal, and for that reason we need not examine them.

3

and 18 U.S.C. § 3559(a)(4), manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, fifty kilograms or less of marijuana is a class D felony. An exception applies to offenses involving "50 or more marihuana plants," which makes such a case a class C felony. 21 U.S.C. §§ 841(b)(1)(C) & (D); 18 U.S.C. § 3559(a)(3).

Since Congress mandated offenses involving more than 50 plants be punished with a higher sentence, the IJ determined, based on the plea colloquy, that Thomas could not qualify as having a "small amount." As a result, regardless of whether Thomas was convicted of "manufacturing" or "distributing" marijuana under Pennsylvania law, he would not qualify for the "small amount" exception set forth in 21 U.S.C. § 841(b)(4). Because Thomas could not qualify for this exception, the IJ concluded his conviction was an aggravated felony under the hypothetical federal felony test, and, as a result, an aggravated felony that rendered him both removable from the United States and ineligible for cancellation of removal. The BIA adopted and affirmed the IJ's decision, and Thomas petitioned for our review.

## II.

We have jurisdiction over the final order of removal pursuant to 8 U.S.C. § 1252(a). We exercise plenary review over Thomas's argument that he was not convicted of an aggravated felony. *Jeune v. Attorney Gen.*, 476 F.3d 199, 201 (3d Cir. 2007). "Where, as here, the BIA adopts and affirms the decision of the IJ, as well as provides its own reasoning for its decision, the Court reviews both the decisions of the IJ and the BIA." *Hashmi v. Attorney Gen.*, 531 F.3d 256, 259 (3d Cir. 2008).

4

## III.

Before turning to the legal issues concerning Thomas's state court conviction, we must first address the Attorney General's argument regarding exhaustion of administrative remedies. We lack jurisdiction to review arguments made for the first time on appeal for which there is no record to review. 8 U.S.C. § 1252(d)(1); *Xie v. Ashcroft*, 359 F.3d 239, 245 n.8 (3d Cir. 2004). The Attorney General is correct in his assertion that Thomas failed to present two arguments he now advances in his petition for review. These arguments—that Pennsylvania's definition of marijuana is narrower than the federal definition of marijuana, and that the plea colloquy does not establish whether the seized plants can be classified as marijuana under this narrower definition—are consequently ones over which we have no jurisdiction to review.

We now turn to Thomas's state court conviction. "8 U.S.C. § 1229a(c)(3)(A) requires that the Government prove removability by clear and convincing evidence." *Evanson v. Attorney Gen.*, 550 F.3d 284, 293 n.8 (3d Cir. 2008)

An alien who has been convicted of an aggravated felony is not eligible for certain types of relief set forth in the Immigration and Naturalization Act. Relevant to this case, an alien convicted of an aggravated felony is not eligible for cancellation of removal. 8 U.S.C. §§ 1229b(a)(3) & (b)(1)(C). In drug-related cases such as this, the INA defines "aggravated felony" as "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." *Id*. at § 1101(a)(43)(B). The term "aggravated felony" applies to offenses committed "in violation of Federal or State law." *Id*. at § 1101(a)(43).

5

This Court has "held that there are two routes by which a[] [state] offense may qualify as an aggravated felony." *Jeune*, 476 F.3d at 201. These are the illicit trafficking and the hypothetical federal felony routes. The illicit trafficking approach classifies a state conviction as an aggravated felony if the conviction "is a felony under state law and contains a 'trafficking element.'" *Id.* Under the hypothetical federal felony approach, "the state conviction is an aggravated felony if it would qualify as a felony under the Federal Controlled Substances Act." *Id.* Because the IJ ruled in favor of Thomas regarding the illicit trafficking route, and ruled against him regarding the hypothetical federal felony route, the issue in this case is whether Thomas's state conviction qualifies as a hypothetical federal felony.

## A.

In order to determine what records we may consider in deciding whether a conviction qualifies as an aggravated felony, this Court applies either the "formal categorical approach" or the "modified categorical approach." [3] The modified categorical approach "is used when the state statute is divisible." *Catwell v. Attorney Gen.*, 623 F.3d 199, 207 (3d Cir. 2010). We have previously held that 35 Pa. Stat. Ann. § 780-113(a)(30) is divisible and subject to the modified categorical approach. *Catwell*, 623

---

[3] The Supreme Court's decision in *Taylor v. United States*, 495 U.S. 575 (1990), set forth both the formal categorical approach and, what we have called the "modified categorical approach," in the context of the Armed Career Criminal Act. This Court has applied this framework to determining whether a conviction is an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43). *See Singh v. Ashcroft*, 383 F.3d 144, 152 (3d Cir. 2004) ("*Taylor*'s analysis can be readily imported here, because 8 U.S.C. § 1101(a)(43) is similar to 18 U.S.C. § 924(e) in that it too enumerates offenses, conviction of which places an alien in the category of 'aggravated felon.'").

F.3d at 207; *Garcia*, 462 F.3d at 293 n.9. Therefore, we can consider the records of the state court proceeding "to determine the factual basis of the conviction." *Catwell*, 623 F.3d at 207. The issue before us in this case is whether "the factual basis of the conviction" includes the transcript of the plea colloquy given the statements it contains.

We believe the transcript of Thomas's plea colloquy is part of the "factual basis of the conviction" and that it was proper for the IJ and BIA to consider it in reaching their decisions. In *Shepard v. United States*, 544 U.S. 13 (2005), the Supreme Court extended the modified categorical approach to cases resolved by guilty plea. The Court held that, among other evidence, a reviewing court may consider the "transcript of plea colloquy." *Shepard*, 544 U.S. at 17. The Court made clear that the focus must be on whether the "plea had 'necessarily' rested on" the elements of the predicate offense. *Id*. at 20–21.

The record in the case before us is different from that in *Thomas v. Attorney Gen.*, 625 F.3d 134 (3d Cir. 2010). The record in that prior case did not definitively establish a factual basis for the plea. We stated that, "[o]rdinarily, the factual basis for the plea appears in the record of conviction, and a court applying the modified categorical approach should be able to discern which of the alternative elements a defendant 'necessarily admitted' during a guilty plea colloquy." *Thomas*, 625 F.3d at 146–47 (citing *Shepard*, 544 U.S. at 26.). But in *Thomas* the factual basis for both pleas was not clear. There was "no documentation relative" to the first plea. *Id.* at 147. Regarding the second plea, the transcript showed that he "admitt[ed] nothing during" the colloquy, since his counsel simply informed the sentencing court that he was pleading guilty to the crime "in full satisfaction." *Id*. There was no reference to a police offer's written statement,

"nor [was] there any inquiry by the presiding judge during the guilty plea, as to Thomas's specific conduct." *Id*. Because the transcripts provided no factual basis for the pleas, we held the transcripts could not be considered as evidence that Thomas admitted or assented to the facts set forth elsewhere in the record.

The plea colloquy in this case provides better evidence of the "factual basis of the conviction." Unlike the presiding judge in *Thomas*, the state judge here asked about the specific conduct underlying the charges. The state judge accepted Thomas's plea and stated that the prosecutor's statements concerning the 103 live, and 11 cut, marijuana plants found in Thomas's home "provide[] an ample factual basis" for accepting the guilty plea. Whereas in *Thomas* it was not clear that the plea "necessarily rested on" certain facts since the facts were not set forth during the plea colloquy and the state judge did not inquire as to them, here the state judge made clear that the plea rested upon the facts set forth by the prosecuting attorney.

Accordingly, we believe that the IJ and BIA appropriately considered the transcript in conducting its hypothetical federal felony analysis. Further, the transcript of the guilty plea in this case is itself sufficient for the Attorney General to prove removability by clear and convincing evidence, as required by 8 U.S.C. § 1229a(c)(3)(A). *See Catwell*, 623 F.3d at 203, 208 (holding criminal information provided satisfactory basis for Attorney General to prove an aggravated felony conviction).

Having decided what evidence we may consider, we must now determine if Thomas's state conviction qualifies as an aggravated felony under the hypothetical federal felony approach. In cases where the state conviction relates to marijuana, the

8

conviction is "only equivalent to a federal drug felony if the offense involved payment or more than a small amount of marijuana." *Evanson*, 550 F.3d at 289. "The federal Controlled Substances Act makes it a felony to knowingly or intentionally 'manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense'" marijuana. *Id.* (quoting 21 U.S.C. § 841(a)). However, "distributing a small amount of marihuana for no remuneration" is a misdemeanor. *Id.* (quoting 21 U.S.C. § 841(b)(4)).

Thomas cannot qualify for the "small amount" exception because of the number of marijuana plants he pleaded guilty to manufacturing/distributing. The authorities seized over 100 marijuana plants from his residence. As described above, more than 50 marijuana plants turns a class D felony into a class C felony under 21 U.S.C. §§ 841(b)(1)(C) and (D).

We believe the IJ properly reasoned that, by mandating a higher sentence in cases involving 50 or more marijuana plants, Congress did not consider this number of plants to qualify as a "small amount" that would lead to a lower sentence under 21 U.S.C. § 841(b)(4). Further, as we have previously stated, "Congress contemplated and intended 'small amount' to mean the amount of marijuana an individual would be likely to use on a single occasion, in a social setting." *Catwell*, 623 F.3d at 209. Possessing over 100 marijuana plants does not fall within the parameters we set forth. *Id.* (stating that a small amount "would be no more than one or two marijuana cigarettes, or a few grams of marijuana").

As a result, the IJ properly determined that Thomas's conviction would have been punishable under 21 U.S.C. § 841(b)(1)(C), and, accordingly, it is an aggravated felony

9

under the hypothetical federal felony test. Because Thomas's conviction satisfies the hypothetical federal felony test, he is removable as an aggravated felon under 8 U.S.C § 1227(a)(2)(A)(iii). This renders Thomas ineligible for cancellation of removal under 8 U.S.C § 1229b(a)(3).

## IV. Conclusion

For the foregoing reasons, we will deny Thomas's petition for review.