**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1807
_____

JOHN FITZGERALD HALL,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A041-644-153)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 5, 2012
Before:  SCIRICA, GREENAWAY, JR and VAN ANTWERPEN, Circuit Judges

(Opinion filed: September 6, 2012)
_____

OPINION
_____

PER CURIAM

John Fitzgerald Hall petitions for review of a final order of removal.  For the

reasons discussed below, we will dismiss the petition for review.

Hall, a native and citizen of Jamaica, was admitted to the United States in 1987 as

a lawful permanent resident.  In April 2011, he pleaded guilty in Pennsylvania state court

to possession with intent to deliver marijuana, in violation of 35 Pa. Cons. Stat. Ann. § 780-113(a)(30). Hall was sentenced to one year of probation for the offense. The Department of Homeland Security ("DHS") subsequently issued Hall a notice to appear, charging him with removability for having been convicted of a crime relating to a controlled substance. See 8 U.S.C. § 1227(a)(2)(B)(i). Hall conceded his removability before the Immigration Judge ("IJ") as to that charge and filed an application for cancellation of removal. Thereafter, the DHS lodged an additional charge of removability against Hall under 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony, namely illicit trafficking in a controlled substance. See 8 U.S.C. § 1101(a)(43)(B). Based on Hall's plea colloquy, the IJ concluded that Hall's state conviction constituted an aggravated felony within the meaning of § 1101(a)(43)(B). As a result, Hall was rendered statutorily ineligible for cancellation of removal. See 8 U.S.C. § 1229b(a)(3).

Rather than ordering Hall's immediate removal, however, the IJ granted Hall a six-week continuance so that he could pursue a Post Conviction Relief Act ("PCRA") challenge to his conviction under Padilla v. Kentucky, 130 S. Ct. 1473 (2010) (holding that right to effective assistance of counsel requires that defendant be advised of immigration consequences of plea). The IJ instructed that this was the only continuance that he would grant. At a November 2011 hearing, Hall requested a second continuance because his PCRA petition was still pending; the IJ denied the request and ordered Hall removed to Jamaica.

In a March 2012 decision, the Board of Immigration Appeals ("BIA") dismissed Hall's administrative appeal. The BIA concluded that the IJ did not err in denying him a continuance, the sole issue that Hall raised on appeal. This petition for review followed.

Generally, we lack jurisdiction to review a final order of removal against an alien who is removable by reason of having committed an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). However, we retain jurisdiction over constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D). Whether an alien's conviction constitutes an aggravated felony rendering him ineligible for cancellation of removal presents a legal question. See Jeune v. Att'y Gen., 476 F.3d 199, 201 (3d Cir. 2007).

In his Informal Brief, Hall raises a single claim--that the BIA erred in determining that he is ineligible for cancellation of removal.[1] Although we would retain jurisdiction to review this question under § 1252(a)(2)(D), we are jurisdictionally barred from doing so here because Hall did not exhaust the issue administratively. Prior to raising an issue for judicial review, a petitioner must exhaust all administrative remedies available as of right regarding that issue. 8 U.S.C. § 1252(d)(1); Sandie v. Att'y Gen., 562 F.3d 246, 250 n.1 (3d Cir. 2009). This is a jurisdictional requirement. See Hoxha v. Holder, 559 F.3d 157, 159 & n.3 (3d Cir. 2009).

As mentioned, on appeal to the BIA, Hall argued only that the IJ erred in denying

---

[1] As Hall proceeds pro se, we are obliged to read his opening brief liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

his request for a second continuance.[2]  Hall did not argue that the IJ erred in determining that his state conviction constituted an aggravated felony and the BIA did not address the issue sua sponte.  See Lin v. Att'y Gen., 543 F.3d 114, 123-24 (3d Cir. 2008).  Therefore, the claim has not been exhausted and we lack jurisdiction to consider it.

Accordingly, we will dismiss the petition for review.

---

[2] In his Informal Brief, Hall does not articulate any challenge to the Board's dismissal of his appeal from the IJ's denial of his continuance request.  As a result, the issue is waived.  See Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d Cir. 2010) (holding that argument not raised in opening brief is waived).