**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2536
_____

JOHNNY JOSEPH PIERRE,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A029-029-220)
Immigration Judge: Andrew R. Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 12, 2012

Before: SCIRICA, JORDAN and GREENBERG, Circuit Judges

(Opinion Filed:  December 17, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Johnny Joseph Pierre ("Pierre") petitions for review of the Board of Immigration

Appeals' final order of removal.  For the reasons that follow, we will dismiss in part and

deny in part the petition for review.

Pierre, a native and citizen of Haiti, was deported from the United States on September 10, 1997.[1] He re-entered the United States in July, 1999, and, on August 19, 2004, the Department of Homeland Security ("DHS") served him with a Notice of Intent/Decision to Reinstate Prior Order. After that, Pierre was convicted in the United States District Court for the District of New Jersey of re-entry of a deported alien, in violation of 8 U.S.C. § 1326(a), and, on September 11, 2006, he was sentenced to a term of imprisonment of 95 months. Upon, or just prior to, his release from federal prison, Pierre expressed a fear of returning to Haiti and so he was referred by DHS for a reasonable fear interview with an asylum officer, see 8 C.F.R.§ 1208.31(a),(b). On August 31, 2011, an asylum officer made a determination that Pierre had a reasonable fear of persecution or torture if he were to return to Haiti, and his case then was referred to the Immigration Court in York, Pennsylvania.

Pierre sought withholding of removal under Immigration & Nationality Act ("INA") § 241(b)(3), 8 U.S.C. § 1231(b)(3), and relief under the Convention Against Torture ("CAT"), 8 C.F.R. §§ 1208.16(c), 1208.18, claiming a fear of political persecution. He submitted documentary evidence in support of his application, and, on January 27, 2012, he testified in support of his application. Pierre testified that he became politically active when he returned to Haiti as a deportee in 1997 because he was mistreated upon arriving in Port-au-Prince. Other criminal deportees detained with him were tortured and killed; he was beaten and then he was released when his friend paid a

---

[1] Because we write primarily for the parties, we discuss Pierre's immigration history only to the extent necessary to our decision.

bribe. His political activities on behalf of criminal deportees once he was released included making flyers and providing interpretation services at approximately 50 protests. He was beaten at one such protest, and a friend was shot and killed at another by the police.

Following the merits hearing, the Immigration Judge denied relief. Pierre has a long history of drug and other convictions in the United States. The IJ found that Pierre's state convictions for distribution of cocaine and for possession of cocaine with intent to distribute near school property, constituted aggravated felonies under the "hypothetical federal felony" approach, see Jeune v. Att'y Gen. of the U.S., 476 F.3d 199, 204-05 (3d Cir. 2007), and thus also presumptively constituted "particularly serious crimes" that rendered him ineligible for statutory withholding of removal.[2] In the alternative, the IJ concluded that, even if Pierre's convictions did not render him ineligible for statutory withholding, he still would deny relief because Pierre did not meet his burden of proof. The IJ reasoned that Pierre asserted two bases for relief – fear of persecution as a criminal

---

[2] Aliens who have been convicted of a particularly serious crime are ineligible for withholding of removal. 8 U.S.C. § 1231(b)(3)(ii). The statute further provides that "an alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime," and that "[t]he previous sentence shall not preclude the Attorney General from determining that, notwithstanding the length of sentence imposed, an alien has been convicted of a particularly serious crime." 8 U.S.C. § 1231(b)(3)(iv). Under Matter of Y-L-, 23 I. & N. Dec. 270 (BIA 2002), the presumption is that a drug trafficking crime is a "particularly serious crime," but that presumption may be overcome in the rare case where an alien demonstrates extraordinary and compelling circumstances that justify treating a particular drug trafficking crime as not particularly serious. See id. at 276-77. The IJ concluded that Pierre could not overcome the presumption that his drug crimes are particularly serious crimes.

deportee and fear of persecution for speaking out against the Haitian government's treatment of criminal deportees – neither of which warranted relief. Under Toussaint v. Att'y Gen. of U.S., 455 F.3d 409, 418 (3d Cir. 2006), criminal deportees are not recognized as a social group protected by the INA, and, with respect to the harm Pierre suffered upon his return to Haiti and while protesting the treatment of deportees in 1997, 1998, and 1999, the government then in charge was gone. Haiti elected a new president in 2011, and the 2011 State Department Country Report for Haiti showed improved conditions in Haiti. Accordingly, Pierre did not show that his life or freedom would be threatened in Haiti on the basis of a protected category, 8 U.S.C. § 1231(b)(3)(a).

The IJ then considered Pierre's CAT claim, guided by the governing regulations, 8 C.F.R. § 1208.16(c)(2), (3)(i)-(iv) and § 1208.18(a)(1), and our decisions in Auguste v. Ridge, 395 F.3d 123 (3d Cir. 2005) (fact that Haitian national, if removed to Haiti, would be detained indefinitely in prison did not rise to level of "torture," nor did deplorable conditions in Haitian prisons); Pierre v. Att'y Gen. of U.S., 528 F.3d 180, 190-91 (3d Cir. 2008) (en banc) (pain and suffering that alien was likely to experience in Haitian prison due to lack of medical care would not be due to specific intent to torture, and, thus, he was not eligible for CAT relief).

The IJ concluded that Pierre did not show that it was more likely than not that he would be tortured if he were to return to Haiti, even in view of the mistreatment he experienced when he was first deported in 1997. In arriving at this conclusion, the IJ specifically considered and rejected as unpersuasive Pierre's Exhibit 7 – reports by Michelle Carshan, the Executive Director of Alternative Chance – that the Haitian

4

government detained criminal deportees in life-threatening conditions despite a court decision prohibiting that practice. Instead, the IJ took judicial notice of the 2008 State Department Country Report which stated that the Haitian government detains repatriated citizens for approximately two weeks to assess whether there is a criminal risk to the public and to locate local family members. Both of these goals were legitimate, the IJ reasoned, and did not indicate an intent to torture on the part of the government. Moreover, poor prison conditions in Haiti were the result of economic conditions and did not indicate an intent on the part of the government to torture detainees. Last, the IJ found, in pertinent part, that Pierre's fear that he would be singled out and kidnapped by police and detained was speculative. Pierre offered no background evidence that kidnapping by police was a widespread problem, and such harm, if it occurred, would not constitute torture as defined by the governing regulation because it would be in contravention of Haiti's laws and policies.

Pierre appealed to the Board of Immigration Appeals, contending that the IJ failed to consider and/or mischaracterized his evidence of torture, and applied an incorrect legal standard regarding his CAT burden of proof. On May 22, 2012, the Board dismissed the appeal. The Board concluded as a threshold matter that Pierre waived the issue whether his cocaine convictions constituted "particularly serious crimes" that made him ineligible for statutory withholding of removal because he did not contest it on appeal. The Board then expressed its agreement with the IJ that Pierre did not establish eligibility for relief under the CAT. The Board agreed with the IJ in all respects, noting that the latest Country Report's emphasis on the improved conditions in Haiti undermined Pierre's

5

claim because it reported no politically motivated disappearances, politically motivated killings, or the presence of political prisoners or detainees. The Board further noted that Pierre had not shown that anyone in Haiti was currently interested in his whereabouts. Regarding Pierre's fear of being harmed while detained as a criminal deportee, the Board noted its agreement with the IJ that he could not show an intent to torture on the part of the Haitian government because the government could legitimately detain criminal returnees to assess whether they planned to participate in criminal activities in Haiti and to locate local family members. The Board concluded that the IJ's findings of fact regarding Pierre's potential future treatment in Haiti were not clearly erroneous. Last, the Board concluded that the IJ had not mischaracterized or ignored material evidence, including Ms. Carshan's statement.

Pierre has timely petitioned for review. We generally have jurisdiction under 8 U.S.C. § 1252(a)(1), (b)(1). See also Dinnall v. Gonzales, 421 F.3d 247, 251 n.6 (3d Cir. 2005) (order reinstating prior order of removal is functional equivalent of final order of removal). However, we lack jurisdiction over the agency's determination that Pierre is statutorily ineligible for withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). An alien must exhaust all administrative remedies as a prerequisite to raising a claim before this Court. See 8 U.S.C. § 1252(d)(1); Alleyne v. Immigration & Naturalization Serv., 879 F.2d 1177, 1182 (3d Cir. 1989). Pierre's failure to challenge before the Board the IJ's determination that two of his state cocaine convictions qualified as particularly serious crimes that render him ineligible for statutory withholding of removal constitutes a failure to exhaust, thus depriving us of jurisdiction, see Lin v. Att'y

6

Gen. of U.S., 543 F.3d 114, 119-20 (3d Cir. 2008). In any event, Pierre argues in his Informal Brief only that the agency incorrectly denied him relief from removal under the CAT.

In arguing that the agency erred in denying him relief from removal under the CAT, Pierre expressed his intent to rely on the arguments raised in his brief on appeal to the Board, and he argued further that the agency applies a higher standard of proof and displays bias against Haitians in adjudicating their CAT claims. Our jurisdiction to consider Pierre's CAT claim is limited by 8 U.S.C. § 1252(a)(2)(C), which bars us from reviewing a final order of removal by an alien like Pierre who is deportable because he committed certain criminal offenses covered in 8 U.S.C. § 1227(a)(2)(A)(iii), (a)(2)(B) (drug trafficking felonies and controlled substance offenses). See, e.g., Green v. Att'y Gen. of the U.S., 694 F.3d 503, 506 (3d Cir. 2012). Our review is limited to constitutional or legal claims. 8 U.S.C. § 1252(a)(2)(D). The Attorney General has argued that we should decline to exercise jurisdiction over Pierre's CAT claim because Pierre merely disagrees with the Board's conclusion that relief is unwarranted in his case; he does not raise a constitutional or legal challenge.

We will dismiss the petition for review in part for lack of jurisdiction, and deny it in part to the extent of our jurisdiction. We agree with the Attorney General that Pierre for the most part merely disagrees with the agency's weighing of his evidence. See Cospito v. Att'y Gen. of the U.S., 539 F.3d 166, 170 (3d Cir. 2008) (argument that certain evidence has been discounted amounts to nothing more than quarrel over the correctness of the factual findings of the agency). The IJ thoroughly summarized Pierre's

7

mistreatment upon being removed to Haiti in 1997, and did not overlook or mischaracterize any of his documentary evidence.  The agency correctly applied circuit precedent and the governing regulations in its determination of Pierre's CAT claim.  "A party cannot confer jurisdiction on this Court where none exists simply by attaching a particular label to the claim raised in a petition for review."  Jarbrough v. Att'y Gen of the U.S., 483 F.3d 184, 189-90 (3d Cir. 2007).  See also Pieschacon-Villegas v. Att'y Gen. of the U.S., 671 F.3d 303, 309 (3d Cir. 2011) (court lacks jurisdiction to review criminal alien's disagreement with agency's determination that his evidence is insufficient).

To the extent that we have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review the legal issues raised by Pierre, see Kaplan v. Att'y Gen. of the U.S., 602 F.3d 260, 271 (3d Cir. 2010) (determining what is likely to happen to petitioner if removed is factual question, but determining whether what is likely to happen satisfies definition of torture is legal question), we conclude that they are wholly without merit.  When the Board issues its own opinion, we generally review that decision as the final agency decision, but where the Board's invokes specific aspects of the IJ's decision in support of its conclusions, as it did here, we review both decisions.  See, e.g., Green, 694 F.3d at 506.

To prevail on a claim under the Convention Against Torture an applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 1208.16(c)(2).  "In order to constitute torture, an act must be *specifically* intended to inflict severe physical or mental pain or suffering. An act that results in unanticipated or unintended severity of pain and suffering is not

8

torture." Pierre, 528 F.3d at 186.  Moreover, the pain and suffering that is intentionally inflicted must be "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."  8 C.F.R. § 1208.18(a)(1). In determining whether or not torture is likely to occur, the agency should consider evidence of past torture inflicted on the applicant; the ability to relocate within the country to a place where torture will not occur; evidence of gross, flagrant, or mass violations of human rights; and other relevant information regarding conditions in the country of removal.  8 C.F.R. § 1208.16(c)(3) (i)-(iv).

Here, the agency properly applied these governing regulations and did not apply a higher standard of proof to Pierre's CAT claim; nor did it exhibit bias toward Pierre because he is a Haitian national.  The agency held that Pierre did not meet his burden of establishing that it is more likely than not that he will be tortured upon his return to Haiti, 8 C.F.R. § 1208.16(c)(2), and the record does not compel a different conclusion, 8 U.S.C. § 1252(b)(4)(B).  See also Immigration & Naturalization Serv. v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (agency's determination must be upheld if supported by substantial evidence).  The agency properly considered Pierre's evidence of his treatment when he was first deported fifteen years ago, 8 C.F.R. § 1208.16(c)(3)(i), but reasonably concluded that current country conditions, see id. at § 1208.16(c)(3)(iv), undermine a claim that it is more likely than not that Pierre will be tortured if he is returned to Haiti. Specifically, the detention of criminal returnees to assess whether there is a criminal risk to the public and to locate local family members is a legitimate goal and does not indicate a specific intent to torture on the part of the Haitian government, see Pierre, 528 F.3d at

9

190-91; 8 C.F.R. § 1208.18(a)(1). Moreover, Pierre's fear that he would be singled out and kidnapped by police was unsupported by the background evidence, and such conduct, if it occurred, would be in contravention of Haiti's current laws and policies, see id. at § 1208.18(a)(1)(pain and suffering must be inflicted by or with the consent or acquiescence of government).

For the foregoing reasons, we will dismiss the petition for review in part for lack of jurisdiction and deny it in part.