**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4091
_____

HAZEL VARGAS SUNAZ,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A045 776 462)
Immigration Judge:  Honorable Leo Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 25, 2012

Before:  SLOVITER, SMITH and COWEN, Circuit Judges

(Opinion filed: April 25, 2012)
_____

OPINION
_____

PER CURIAM

Hazel Vargas Sunaz, a citizen of the Philippines, entered the United States as a lawful permanent resident in June 1997, when she was approximately 15 years old.  In April 2004, Sunaz pleaded guilty to distributing or dispensing a controlled dangerous substance (cocaine).  See N.J. Stat. Ann. § 2C:35-5a(1).  She was sentenced to three years of probation.[1]

In October 2010, the Government charged Sunaz with removability under Immigration and Nationality Act ("INA") § 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(i)], as an alien who, after admission, was convicted of violating a law relating to a controlled substance.  Sunaz appeared before an IJ, conceded that she was removable, and applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT").  As a basis for relief, Sunaz claimed that she is a lesbian, that she was harassed and assaulted in her hometown because of her sexual orientation, and that she feared for her safety if she were to be removed to the Philippines.

The IJ found "overall that [Sunaz's] testimony was generally consistent and sufficiently detailed in order to make a positive credibility finding in this matter."  Moreover, the IJ concluded that Sunaz "has presented extremely sympathetic facts,"

---

[1] Sunaz admitted to the Immigration Judge ("IJ") that she was convicted of the same offense in January 2009, and was sentenced to five years of imprisonment.  No evidence of the 2009 conviction appears in the Administrative Record, and that conviction was not charged in the Notice to Appear as a basis for Sunaz's removability.

noted that she "has extensive ties to the community and a strong support network in the United States," and stated she "does belong to a particular social group that is worthy of protection under the laws of this country." Because of her drug conviction, however, the IJ concluded that Sunaz was ineligible for asylum, withholding of removal under INA § 241(b)(3)(A) [8 U.S.C. § 1231(b)(3)(A)], and withholding of removal under the CAT. With respect to the only form of relief available−deferral of removal under the CAT−the IJ held that Sunaz had not met her burden of demonstrating that it is more likely than not that she would be tortured. Sunaz appealed.

The Board of Immigration Appeals ("BIA") dismissed Sunaz's appeal. The Board concluded that Sunaz's 2004 "conviction for drug distribution is an aggravated felony . . ., and therefore a particularly serious crime that bars her from asylum." See INA §§ 208(b)(2)(A)(ii); 208(b)(2)(B)(i) [8 U.S.C. § 1158(b)(2)(A)(ii); 1158 (b)(2)(B)(i)]. The Board also concluded that, for purposes of withholding of removal, Sunaz's 2004 conviction was presumptively a particularly serious crime, see INA § 241(b)(3)(B) [8 U.S.C. § 1231(b)(3)(B)], and that Sunaz had not rebutted that presumption with evidence of "extraordinary and compelling circumstances."[2] In re Y-L-, 23 I. & N. Dec. 270, 274

_____

[2] The Board also held that Sunaz's 2009 conviction−which was not charged as a basis for her removal−"is *per se* a particularly serious crime that bars withholding of removal." We note, however, that the "particularly serious crime" inquiry is confined to the facts underlying the crime upon which removal is predicated. Lavira v. Att'y Gen., 478 F.3d 158, 162, 165 (3rd Cir. 2007).

(A.G. 2002). Finally, the BIA held that Sunaz had failed to demonstrate that she was eligible for deferral of removal under the CAT. Sunaz filed a timely pro se petition for review of the BIA's decision.

We generally lack jurisdiction to review a final order of removal against a criminal alien, like Sunaz, who is removable for having committed an offense covered in INA § 237(a)(2). INA § 242(a)(2)(C) [8 U.S.C. § 1252(a)(2)(C)]. We retain jurisdiction, however, to review constitutional claims, "pure questions of law," and "issues of application of law to fact, where the facts are undisputed and not the subject of challenge." Kamara v. Att'y Gen., 420 F.3d 202, 211 (3d Cir. 2005). Thus, we can review the Board's determination that Sunaz's offense was an "aggravated felony" and "particularly serious."[3] See Jeune v. Att'y Gen., 476 F.3d 199, 201 (3d Cir. 2007) (exercising plenary review over petitioner's legal argument that he was not convicted of aggravated felony); Alaka v. Att'y Gen., 456 F.3d 88, 103 (3d Cir. 2006) (holding that

---

[3] The Government asserts that we lack jurisdiction over Sunaz's attempt to challenge her aggravated felon status because she did not raise the issue before the BIA. See INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)]; Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003) (stating that "an alien is required to raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim"). We disagree. In her brief on appeal to the BIA, Sunaz argued that the IJ erred in denying her asylum and withholding applications because of her convictions. Joseph v. Att'y Gen., 465 F.3d 123, 126 (3d Cir. 2006) (recognizing a "liberal exhaustion policy"). Moreover, the BIA affirmed the IJ's conclusion that Sunaz's 2004 conviction was an aggravated felony. Lin v. Att'y Gen., 543 F.3d 114, 123- 24 (3d Cir. 2008) (noting that when the BIA sua sponte addresses an otherwise unexhausted issue, failure to raise the issue on administrative appeal may be excused).

petitioner "has raised a question of law by asserting that the IJ made a legal error in determining that her crime was 'particularly serious'"). "[F]actual or discretionary determinations continue to fall outside [our] jurisdiction . . . ." Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006).

An alien who has been "convicted by a final judgment of a particularly serious crime" and deemed a "danger to the community of the United States" is ineligible for asylum, withholding of removal under § 241(b)(3)(A) [8 U.S.C. § 1231(b)(3)(A)], or withholding of removal pursuant to the CAT. INA §§ 208(b)(2)(A)(ii) [8 U.S.C. § 1158(b)(2)(A)(ii)]; 241(b)(3)(B)(ii) [8 U.S.C. § 1231(b)(3)(B)(ii)]; 8 C.F.R. § 1208.16(d)(2). For purposes of asylum eligibility, an alien who has been convicted of an aggravated felony shall be considered to have been convicted of a particularly serious crime. INA § 208(b)(2)(B)(i). With respect to eligibility for withholding of removal, an alien shall be considered to have been convicted of a particularly serious crime (1) where she has been convicted of an aggravated felony for which she has been sentenced to an aggregate term of imprisonment of at least five years, or, (2) where the "Attorney General . . . determin[es] that, notwithstanding the length of sentence imposed, an alien has been convicted of a particularly serious crime." INA § 241(b)(3)(B).

We agree that Sunaz's 2004 New Jersey conviction constitutes an aggravated felony using the hypothetical federal felony approach. Under this approach, we must determine whether the state drug conviction is punishable as a felony under the

5

Controlled Substances Act ("CSA"). Gerbier v. Holmes, 280 F.3d 297, 306 (3d Cir.

2002); see also Steele v. Blackman, 236 F.3d 130, 136 (3d Cir. 2001). Generally, when

determining whether an alien's conviction is for an aggravated felony, we may look only

to the statutory definition of the offense, and may not consider the particular facts

underlying a conviction. Singh v. Ashcroft, 383 F.3d 144, 147-48 (3d Cir. 2004). There

is an exception to this so-called categorical approach, permitting a court to look beyond

the face of the statute to charging documents when "some but not all" convictions under a

statute would satisfy the requirements of an aggravated felony. See id. at 160, 162.

Sunaz was convicted under N.J. Stat. Ann. § 2C:35-5a(1), which provides that it is

unlawful

> [t]o manufacture, distribute or dispense, or to possess or have under his control
> with intent to manufacture, distribute or dispense, a controlled dangerous
> substance or controlled substance analog . . . .

A conviction under this statute is analogous to 21 U.S.C. § 841(a)(1), which provides that

> it shall be unlawful for any person knowingly or intentionally . . . to manufacture,
> distribute, or dispense, or possess with intent to manufacture, distribute, or
> dispense, a controlled substance.

Cf. Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003) (recognizing that N.J. Stat.

Ann. § 2C:35-5b(11)−which criminalizes possession with intent to manufacture,

distribute, or dispense at least one ounce (and less than five pounds) of

marijuana−generally proscribes the same conduct as § 841(a)(1)). The CSA, however,

includes an exception for violations of § 841(a) that involve the distribution of a small

amount of marijuana for no remuneration.  Such violations are punished as misdemeanors.  See 21 U.S.C. § 841(b)(4).  Thus, state marijuana offenses are equivalent to a federal drug felony only if they involve remuneration or more than a "small amount" of marijuana.  Evanson v. Att'y Gen., 550 F.3d 284, 289 (3d Cir. 2008).

In this case, the IJ and BIA determined that this exemption did not apply because Sunaz's 2004 conviction involved cocaine, not marijuana.  To reach this conclusion, the IJ and the BIA applied the "modified categorical approach," looking beyond the statute of conviction.  See Garcia v. Att'y Gen., 462 F.3d 287, 292 (3d Cir. 2006) ("Statutes phrased in the disjunctive may invite inquiry into the record of conviction if it is unclear from the face of the statute whether the conviction qualifies as an aggravated felony."). This approach applies to cases resolved by guilty pleas, and permits courts to consider the "statutory definition, charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  Shepard v. United States, 544 U.S. 13, 16, 20-23 (2005).  Sunaz's Judgment of Conviction indicates that she pleaded guilty to Count Three of the Indictment, which pertained to a violation of § 2C:35-5a(1), in general.  Importantly, however, the Indictment indicates that Sunaz was charged in the Third Count with "knowingly or purposely . . . dispens[ing] or distribut[ing] cocaine . . . ."  Thus, examination of the record under the modified categorical approach supports the determination that Sunaz's

7

2004 conviction involved cocaine and thereby qualified as an aggravated felony, which is per se a particularly serious crime. INA § 208(b)(2)(B)(i).

Aliens who have been convicted of a particularly serious crime are also ineligible for withholding of removal. INA § 241(b)(3)(B)(ii). In the withholding of removal context, particularly serious crimes include all aggravated felonies for which the alien was sentenced to imprisonment for five or more years, as well as those crimes that the Attorney General deems to be particularly serious "notwithstanding the length of sentence imposed." INA § 241(b)(3)(B); Lavira, 478 F.3d at 161. In In re Y-L-, the Attorney General concluded that drug trafficking crimes, like Sunaz's, presumptively constitute particularly serious crimes, but acknowledged "the possibility of the very rare case where an alien may be able to demonstrate extraordinary and compelling circumstances" rebutting that presumption.[4] 23 I. & N. Dec. at 276. Here, the IJ concluded that "although [Sunaz] has presented many sympathetic factors, none of them

_____

[4] The Attorney General set forth six requirements that an alien would have to satisfy as a prerequisite for consideration of whether "other, more unusual circumstances" might "justify departure from the default interpretation that drug trafficking felonies are 'particularly serious crimes.'" Lavira, 478 F.3d at 162 (quoting In re Y-L-, 23 I. & N. Dec. at 277). Such an "unusual circumstance[]" requires at least these factors: "(1) a very small quantity of controlled substance; (2) a very modest amount of money paid for the drugs in the offending transaction; (3) merely peripheral involvement by the alien in the criminal activity, transaction, or conspiracy; (4) the absence of any violence . . .; (5) the absence of any organized crime or terrorist organization involvement . . .; and (6) the absence of any adverse or harmful effect . . . on juveniles." In re Y-L-, 23 I. & N. Dec. at 276-77.

8

diminish the severity of her criminal record."  Citing In re Y-L-, the BIA held that Sunaz

"has not met her burden of proof to rebut the presumption, by demonstrating

'extraordinary and compelling' circumstances . . . ."  Although Sunaz notes that she did

not commit a violent crime, she does not otherwise suggest that the circumstances of her

drug offense would have satisfied the In re Y-L- factors.  Moreover, our review of the

record reveals nothing to suggest that Sunaz qualifies for the "extraordinary and

compelling circumstances" exception.  Under these circumstances, we conclude that the

BIA did not err in affirming the IJ's decision that Sunaz was ineligible for withholding of

removal.

Notwithstanding the particularly serious crime disqualifications, Sunaz remained

eligible for deferral of removal under the CAT.  With respect to CAT claims, the question

of the likelihood of torture is a mixed one, comprised of a factual component ("what is

likely to happen to the petitioner if removed") and a legal one (whether "what is likely to

happen amount[s] to the legal definition of torture").  Pieschacon-Villegas v. Att'y Gen.,

No. 09-4719, − F.3d −, 2011 WL 6016134, at *5 n.6 (3d Cir. Dec. 5, 2011) (quoting

Kaplun v. Att'y Gen., 602 F.3d 260, 271 (3d Cir. 2010)).  Thus, we lack jurisdiction over

Sunaz's argument that the BIA erred in concluding that she would not likely be targeted

by Philippine government officials.  We have jurisdiction, however, to the extent that

Sunaz's pro se brief challenges the BIA's application of the law governing CAT

protection to the undisputed facts of record.  Toussaint v. Att'y Gen., 455 F.3d 409, 412

n.3 (3d Cir. 2006). Sunaz alleged that she had been harassed in the Philippines because of her sexual orientation. She claimed that while living there she was often teased and beaten by other students. In 2007, Sunaz returned to the Philippines to attend her grandmother's funeral. While there, she was taunted by a group of young men at a flea market because of her appearance. One of the men slapped her in the face. The police were called, but they did not take any action. Sunaz claimed that she will face the same type of harm if she is removed to the Philippines. These facts, however, fail to demonstrate that what is likely to happen to Sunaz satisfies the legal definition of torture. 8 C.F.R. § 1208.18(a)(1). Therefore, we will not disturb the BIA's conclusion that Sunaz failed to meet her burden of proof for deferral of removal under the CAT.

For the foregoing reasons, we will deny the petition for review.[5]

---

[5] The Government's Motion to Dismiss is denied.