**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3727
_____

WAYNE ANTHONY COLEY,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077-024-526)
Immigration Judge:  Honorable Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2012

Before:  SCIRICA, GREENAWAY, JR. and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  June 25, 2012)
_____

OPINION
_____

PER CURIAM

        Wayne Anthony Coley petitions for review of a final order of removal.  For the

following reasons, we will deny the petition for review.

        Coley, a citizen of Jamaica, was admitted into the United States as a lawful

permanent resident in 1998. In May 2010, Coley pleaded guilty in the Superior Court of New Jersey, Bergen County, to manufacturing, distributing, or dispensing cocaine of a quantity less than one-half ounce in violation of N.J. Stat. §§ 2C:35-5(a)(1), (b)(3). He was sentenced to a term of 297 days of imprisonment. Coley applied for post-conviction relief ("PCR") based on Padilla v. Kentucky, 130 S. Ct. 1473 (2010), arguing that counsel did not adequately inform him of the immigration consequences of pleading guilty. His PCR petition was denied in June 2011.

Meanwhile, in September 2010, Coley was placed in removal proceedings and was charged under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony, and INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), as an alien convicted of a controlled substance violation.[1] Coley admitted that he had been convicted, but denied that he was removable. The Immigration Judge ("IJ") granted multiple continuances to allow Coley to pursue post-conviction relief. After Coley informed the IJ that his application for post-conviction relief had been denied, the IJ ordered Coley removed from the United States to Jamaica.[2] The IJ concluded that Coley was removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), and INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), because

_____

[1] Coley had previously been charged under INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), as an alien convicted of two crimes involving moral turpitude, as he had been convicted of assault and shoplifting. The Government, however, withdrew the charge.

[2] The IJ did not offer Coley a continuance while he appealed the denial of his PCR

Coley's conviction qualified as an aggravated felony involving a controlled substance. Because the IJ determined that Coley was convicted of an aggravated felony, she concluded that Coley was ineligible for cancellation of removal.[3] See Garcia v. Att'y Gen., 462 F.3d 287, 291 (3d Cir. 2006) ("An alien who has been convicted of an aggravated felony is ineligible for most types of relief provided by the INA, such as cancellation of removal, asylum, and withholding of removal."). The IJ also determined that Coley was not eligible for any other forms of relief because he stated that he has never been persecuted or tortured in Jamaica, and has no fear of being persecuted or tortured in Jamaica.

The BIA dismissed Coley's appeal, concluding that his conviction for distributing cocaine was an aggravated felony under the Act and that the IJ did not abuse her discretion by not granting Coley a continuance while his post-conviction appeal was pending.[4] Coley then filed a pro se petition for review, and the Government has filed a motion for summary affirmance, which a motions panel referred to this merits panel.

We have jurisdiction pursuant to INA § 242(a), 8 U.S.C. § 1252(a). Generally, we lack jurisdiction to review a final order of removal against an alien who is removable by reason of having committed an aggravated felony, as well as certain controlled substance

petition.

[3] Coley is married to a United States citizen.

[4] Coley states that he has an application for post-conviction relief pending in the Supreme Court of New Jersey.

3

violations. INA § 242(a)(2)(C), 8 U.S.C § 1252(a)(2)(C). However, we retain jurisdiction over constitutional claims or questions of law. INA § 242(a)(2)(D), 8 U.S.C § 1252(a)(2)(D).

Coley argues that his conviction was not an aggravated felony because it was an offense of the third degree under New Jersey law, and he was incarcerated for only 297 days for the conviction.[5] The question of whether a conviction constitutes an aggravated felony is a legal question that we review de novo. See Jeune v. Att'y Gen., 476 F.3d 199, 201 (3d Cir. 2007). We have adopted two routes to determine whether a state drug conviction, for immigration purposes, constitutes an aggravated felony. Gerbier v. Holmes, 280 F.3d 297, 305-06 (3d Cir. 2002). Under the "hypothetical felony route," which applies here, a state drug trafficking crime constitutes an aggravated felony for immigration purposes if the offense is punishable as a felony under the federal Controlled Substances Act, 21 U.S.C. § 801 et seq. ("CSA"), regardless of how the offense is characterized by the state. Gerbier, 280 F.3d at 312-13. In determining whether a conviction is an aggravated felony, we look only to the statutory definition of the offense, and do not consider the particular facts underlying the conviction. Singh v. Ashcroft, 383

---

[5] In his petition for review, Coley argued that his conviction was not a felony because his offense involved only a small amount of cocaine for no remuneration, citing Steele v. Blackman, 236 F.3d 130, 137 (3d Cir. 2001). Coley, however, has not discussed this argument in his brief, and therefore it is waived. See Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d Cir. 2010). In any event, this argument fails. In Steele, this Court concluded that the alien's offense of distributing a small amount of marijuana for no remuneration fell under the exception under 21 U.S.C. § 841(b)(4). 236 F.3d at

4

F.3d 144, 147-48 (3d Cir. 2004).

Coley was convicted of manufacturing, distributing, or dispensing cocaine of a quantity less than one-half ounce in violation of N.J. Stat. §§ 2C:35-5(a)(1), (b)(3). The analogous CSA provision to N.J. Stat. §§ 2C:35-5(a)(1), (b)(3) is 21 U.S.C. § 841(a)(1), (b)(1)(B), which proscribes identical conduct. See Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003). A violation of 21 U.S.C. § 841(a)(1) is punishable by more than one year of imprisonment under the Act, and is therefore a felony under the CSA. 21 U.S.C. §§ 802(44), 841(b)(1)(B). Thus, the BIA properly concluded that Coley's conviction is an aggravated felony for immigration purposes. See INA § 101(A)(43)(B), 8 U.S.C. § 1101(a)(43)(B).

Coley also argues that the BIA erred in affirming the IJ's decision not to continue his case while he appealed the denial of his PCR petition, and therefore denied him his right to due process. We construe this argument as a constitutional claim, see Hoxha v. Holder, 559 F.3d 157, 163 n.5 (3d Cir. 2009), and conclude that the BIA did not err, see Singh v. Gonzales, 432 F.3d 533, 541 (3d Cir. 2006) (exercising plenary review over due process claims). "[D]ue process challenges to deportation proceedings require an initial showing of substantial prejudice." See Khan v. Att'y Gen., 448 F.3d 226, 236 (3d Cir. 2006) (quoting Anwar v. Immigration & Naturalization Serv., 116 F.3d 140, 144 (5th Cir. 1997)). Coley has not shown that he has been prejudiced. The validity of Coley's

---

137. This exception, however, applies only to marijuana, and Coley's conviction involved cocaine. See 21 U.S.C. § 841(b)(4).

conviction had not been overturned and the likelihood of success of Coley's post-conviction appeal is speculative. Moreover, the pendency of a post-conviction motion does not negate the finality of a conviction for immigration purposes. See Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008)

Accordingly, we will deny the petition for review. The Government's motion for summary affirmance is denied as moot.