**IMG-105**                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4312
_____

PARAMVEER SINGH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A046-516-213)
Immigration Judge:  Honorable Leo Finston
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 5, 2012
Before:  SCIRICA, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed: September 11, 2012)
_____

OPINION
_____

PER CURIAM

Paramveer Singh seeks review of a Board of Immigration Appeals (BIA) decision

pretermitting his application for cancellation of removal (8 U.S.C. § 1229b) because he

failed to show that he had not been convicted of an aggravated felony.  We will deny his

petition for review.

As we write primarily for the parties, we will discuss only the facts relevant to this petition. A native and citizen of India admitted as a lawful permanent resident in 1998, Singh was charged in 2005 with several counts relating to the possession and distribution of marijuana. Count three of the four-count indictment accused Singh and a companion of "conspir[ing] to commit the crimes of unlawful possession of a controlled dangerous substance with intent to distribute and/or distribution of a controlled dangerous substance, in violation of N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-5b(12)[,] contrary to the provisions of N.J.S.A. 2C:5-2." Administrative Record (A.R.) 291. Singh eventually agreed to plead guilty to two counts of the indictment, one of which was the conspiracy charge. A.R. 288 (record of conviction). At the plea colloquy, the court discussed the conspiracy count with Singh, leading to the following exchange:

> The Court: Listen to me. Count three. It says on November 9th on or about 2005 in South Brunswick you did conspire which means that you had an agreement with somebody else, two or more, to do something illegal. Who did you conspire with and what did you conspire to do? I want to know the truth.
>
> Singh: I was with [the co-conspirator]. I knew him. And I was driving around with him and it was his thing and I was trying to help him out. He did a bad thing.
>
> The Court: So you were his accomplice. In other words, it was his drugs?
>
> Singh: Yes.
>
> The Court: He was clocking. Selling, right?
>
> Singh: Yes.
>
> The Court: You were going to get a couple dollars from the clocking or selling. You were going to get something from him, some weed, right?

2

Singh: Yes.

. . .

The Court: That's a conspiracy because it's an agreement between two or more people.  Do you understand that?

Singh: Yes.

A.R. 153.

Served with a notice to appear, Singh was found by an immigration judge (IJ) to be removable under 8 U.S.C. § 1227(a)(2)(B)[1] due to his controlled-substance conviction. Singh applied for cancellation of removal, which the Government moved to pretermit, arguing that Singh's conspiracy charge was an aggravated felony—specifically, a drug-trafficking felony—under 8 U.S.C. § 1101(a)(43).  Although clearly sympathizing with Singh's plight, the IJ nevertheless determined that Singh had not established to the Court's satisfaction that his conspiracy conviction was not a prohibited trafficking offense, especially in light of the colloquy cited above.  A.R. 50.  Therefore, the IJ pretermitted the application.[2]  In a thorough opinion, the BIA agreed with the IJ, holding that, under the modified categorical approach, the plea colloquy revealed that Singh "admitted to conspiring to sell marijuana in exchange for money or drugs[;] . . . [i]n particular, it is clear from the record that [Singh] ple[aded] guilty . . . to knowingly and

---

[1] Singh was originally charged too with removal on the basis of an aggravated felony conviction, but the Government withdrew this charge.

[2] An alternative stop-time basis for denying cancellation of removal was not addressed by the BIA, see A.R. 4, and will therefore not be discussed further herein.

purposefully distributing marijuana and conspiring to sell marijuana in exchange for money or drugs, findings made by the trial judge to which [Singh] assented." A.R. 3–4. Because the conspiracy was undertaken for remuneration, the BIA determined, it would have been punishable as a felony under the federal Controlled Substances Act (CSA), and was therefore an aggravated felony under the Immigration and Nationality Act (INA). Singh filed a timely petition for review, and we granted a stay of removal pending our decision on the merits.

We have jurisdiction to review whether Singh's conviction was for an offense defined as an aggravated felony under the INA. See 8 U.S.C. § 1252(a)(2)(D); Catwell v. Att'y Gen., 623 F.3d 199, 202 n.1 (3d Cir. 2010); Jeune v. Att'y Gen., 476 F.3d 199, 201 (3d Cir. 2007).[3] Because the BIA issued "its own decision on the merits, rather than a summary affirmance, we review its decision, not that of the IJ." Catwell, 623 F.3d at 205. Our review of the BIA's legal determinations is de novo. Id.

Singh was convicted of conspiring to "manufacture, distribute or dispense, or to possess or have under his control with intent to manufacture, distribute or dispense" marijuana. N.J. Stat. Ann. § 2C:35-5(a); see also N.J. Stat. Ann. § 2C:5-2 (defining conspiracy under New Jersey law). We have held that there are two routes by which a state drug offense may qualify as an aggravated felony: 1) the *illicit trafficking approach*, if it is both a felony under state law and contains a trafficking element; or 2) the

---

[3] The Government's motion to dismiss for lack of jurisdiction is denied.

4

*hypothetical federal felony approach*, if the state conviction would qualify as a felony under the CSA. Jeune, 476 F.3d at 201. While the default mode of statutory analysis is the formal categorical approach, which eschews an investigation of the specifics of the petitioner's conviction, we apply a modified categorical approach, allowing for "consideration of specific records," Catwell, 623 F.3d at 207, when "it is unclear from the face of the statute whether the conviction was an aggravated felony." Jeune, 476 F.3d at 201–02. We agree that the federal analog to the relevant New Jersey statute is 21 U.S.C. § 841(a); which, we have observed, contains a "carve out" provision categorizing certain conduct—namely, "distributing a small amount of mari[j]uana for no remuneration," 21 U.S.C. § 841(b)(4)—as a misdemeanor offense, not a felony offense. Jeune, 476 F.3d at 205 (citing Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003)). Thus, we employ the modified categorical approach to determine whether Singh's conviction under the New Jersey statute was for conduct that would qualify as a hypothetical federal felony.

Singh argued forcefully below that the plea colloquy was, at best, ambiguous as to whether the conduct for which he was convicted involved "remuneration," and he has renewed the argument before this Court; specifically, he maintains that the plea colloquy simply established "that he was involved with an individual who was selling drugs and that, according to the words of the Judge who guided Petitioner through the plea colloquy, [he] was expecting to get money or drugs from that individual." Pet'r's Br. 13. As we understand the argument, Singh is claiming that any "remuneration" established

5

by the colloquy was not remuneration *from the marijuana distribution*, but was instead compensation for the assistance he rendered to his associate. This argument is not without some appeal. However, to find it dispositive would require us to ignore that Singh was well aware that his associate was "selling" marijuana. Whatever ambiguity might inhere in the discussion of Singh's personal gain does not extend to the word "selling," which clearly implies a transaction for gain. Whether or not Singh personally sold marijuana for remuneration is irrelevant, because he is responsible for the criminal acts of his co-conspirator, and the colloquy makes clear that the associate was engaged in the sale of marijuana for remuneration. See State v. Bridges, 628 A.2d 270, 273 (N.J. 1993) (discussing conspiracy liability in New Jersey).[4]

In sum, while Singh may have been a "good candidate for a discretionary grant of cancellation of removal," Pet'r's Br. 18, we agree with the BIA that his drug-conspiracy conviction qualifies as an aggravated felony under the INA, depriving the agency of the ability to extend him a grant of discretionary relief. We will therefore deny the petition for review.

---

[4] Singh also urges us to remand this case in light of a recent BIA decision or hold it in abeyance pending an upcoming Supreme Court decision; however, we agree with the Government that neither action would benefit Singh, and we therefore decline to dispose of this petition in the manner requested.