# Matter of M-H-, Respondent

*Decided November 13, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The holding in *Matter of N-A-M-*, 24 I&N Dec. 336 (BIA 2007), that an offense need not be an aggravated felony to be considered a particularly serious crime for purposes of barring asylum or withholding of removal, should be applied to cases within the jurisdiction of the United States Court of Appeals for the Third Circuit.

FOR RESPONDENT: Matthew J. Lamberti, Esquire, York, Pennsylvania

FOR THE DEPARTMENT OF HOMELAND SECURITY: Jeffrey T. Bubier, Senior Attorney

BEFORE: Board Panel: MALPHRUS and CREPPY, Board Members; LIEBOWITZ, Temporary Board Member.

LIEBOWITZ, Temporary Board Member:

In a decision dated March 8, 2012, an Immigration Judge denied the respondent's applications for asylum and withholding of removal under sections 208(b)(1)(A) and 241(b)(3)(A) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(b)(1)(A) and 1231(b)(3)(A) (2006). The Immigration Judge also granted him withholding of removal under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46. 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988) ("Convention Against Torture"). Both the respondent and the Department of Homeland Security ("DHS") have appealed. We will dismiss the respondent's appeal, sustain the DHS's appeal in part, and remand the record for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Pakistan who was admitted to the United States as a J-1 nonimmigrant exchange visitor on June 12, 2010. On April 21, 2011, he pled guilty to corruption of minors and indecent assault in

violation of sections 6301(a)(1) and 3126(a)(1) of title 18 of the Pennsylvania Consolidated Statutes. The respondent received a 3- to 6-month sentence of imprisonment for each conviction. The Immigration Judge found that the respondent's conviction for indecent assault was for a crime involving moral turpitude, which rendered him removable under section 237(a)(2)(A)(i) of the Act, 8 U.S.C. § 1227(a)(2)(A)(i) (2006). He further found that the respondent's conviction for corruption of minors was for a crime of child abuse, which rendered him removable under section 237(a)(2)(E)(i) of the Act. The respondent does not challenge these findings on appeal.

The respondent applied for asylum, withholding of removal, and protection under the Convention Against Torture based on his activities in Pakistan advocating for women, his sexual orientation, his ethnicity, and the nature of his convictions. The DHS argued that the respondent was barred from asylum and withholding of removal because he had been convicted of a particularly serious crime, citing *Matter of N-A-M-*, 24 I&N Dec. 336 (BIA 2007), *aff'd*, 587 F.3d 1052 (10th Cir. 2009), *cert. denied*, 131 S. Ct. 898 (2011). The Immigration Judge found that the law of the United States Court of Appeals for the Third Circuit dictated otherwise, relying on *Alaka v. Attorney General of U.S.*, 456 F.3d 88 (3d Cir. 2006), which held that an offense must be an aggravated felony to be a particularly serious crime. However, the Immigration Judge denied asylum in the exercise of discretion based on his determination that the respondent was not a credible witness and on the gravity of his crimes. The Immigration Judge also denied the respondent's application for withholding of removal under the Act on its merits. However, he granted the respondent's request for withholding of removal under the Convention Against Torture.

On appeal, the DHS argues that the respondent should not have been found eligible for asylum or withholding of removal under the Act or the Convention Against Torture and that he did not otherwise establish eligibility for deferral of removal under the Convention Against Torture. Specifically, the DHS contests the Immigration Judge's determination that the respondent was not convicted of a particularly serious crime. The respondent appeals the Immigration Judge's finding that he was not a credible witness and the denial of his other applications.

## II. ANALYSIS

### A. Particularly Serious Crime

The Act provides that an alien convicted of a particularly serious crime is not eligible for asylum or withholding of removal. *See*

sections 208(b)(2)(A)(ii), 241(b)(3)(B)(ii) of the Act;[1] 8 C.F.R. §§ 1208.13(c)(1), 1208.16(d)(2) (2012). In *Alaka v. Attorney General of U.S.*, the Third Circuit found that an offense must be an aggravated felony to be a particularly serious crime in order to render an alien ineligible for withholding of removal. Subsequent to that decision, we issued *Matter of N-A-M-*, which held that an offense need not be an aggravated felony to be considered a particularly serious crime. The four Federal circuits that have reviewed our decision found that the statutory language of the particularly serious crime bar to withholding of removal is ambiguous, and they deferred to our holding in that case. *See Delgado v. Holder*, 648 F.3d 1095, 1102-05 (9th Cir. 2011) (en banc); *Gao v. Holder*, 595 F.3d 549, 554-55 (4th Cir. 2010), *cert. denied sub nom. Zhan Gao v. Holder*, 131 S. Ct. 898 (2011); *N-A-M- v. Holder*, 587 F.3d at 1055-56; *Nethagani v. Mukasey*, 532 F.3d 150, 156-57 (2d Cir. 2008).

In *Matter of N-A-M-*, we respectfully disagreed with the Third Circuit's interpretation that section 241(b)(3)(B)(ii) of the Act defines the term "particularly serious crime" as a subset of aggravated felony offenses, and we declined to address whether we would follow *Alaka* in the Third Circuit. *Matter of N-A-M-*, 24 I&N Dec. at 341 n.5. We will now address this issue.

---

[1]  Section 208(b)(2)(A) of the Act provides in pertinent part as follows:

> [The provisions of the Act relating to asylum] shall not apply to an alien if the Attorney General determines that—
>
>    . . .
>      (ii) the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States . . . .

Section 208(b)(2)(B)(i) specifies that "an alien who has been convicted of an aggravated felony shall be considered to have been convicted of a particularly serious crime."

Section 241(b)(3)(B)(ii) of the Act contains language that is essentially identical to section 208(b)(2)(A)(ii). The final paragraph of section 241(b)(3)(B) further provides in relevant part:

> For purposes of clause (ii), an alien who has been convicted of an aggravated felony(or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime. The previous sentence shall not preclude the Attorney General from determining that, notwithstanding the length of sentence imposed, an alien has been convicted of a particularly serious crime.

The United States Supreme Court has held that a circuit court must accord deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), to an agency's interpretation of a statute, regardless of the circuit court's contrary precedent, unless the prior court decision holds that the construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion. *See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.* ("*Brand X*"), 545 U.S. 967, 982-85 (2005); *see also Holder v. Martinez-Gutierrez*, 132 S. Ct. 2011 (2012).

The DHS argues that we should apply the interpretation of section 241(b)(3)(B) of the Act that we set forth in *Matter of N-A-M-*, rather than rely on *Alaka*, because the Third Circuit did not hold that section 241(b)(3)(B) was unambiguous. *See Brand X*, 545 U.S. 967. The respondent asserts that *Alaka* is binding precedent for all cases arising in the Third Circuit.

The determinative issue in this case is whether the Third Circuit found the statutory language in section 241(b)(3)(B) to be unambiguous. Considering the totality of the Third Circuit's analysis in *Alaka*, we respectfully conclude that the court did not expressly determine that the language in question was unambiguous. We acknowledge the statement in *Alaka* that "[t]he plain language and structure (*i.e.*, context) of the statute indicate that an offense must be an aggravated felony to be sufficiently 'serious.'" *Alaka v. Att'y Gen. of U.S.*, 456 F.3d at 104. However, the court also stated that "the text and structure of the statute suggest that an offense must be an aggravated felony to be 'particularly serious.'" *Id.* When discussing the language of section 241(b)(3)(B), specifically the final paragraph and whether it requires that an offense must be an aggravated felony to be a particularly serious crime, the Third Circuit used words such as "suggest" and "implies." *Id.* at 104-05. In view of the breadth of this terminology and the absence of further guidance on this matter from the Third Circuit since *Matter of N-A-M-*, we conclude that the court did not expressly find the language of section 241(b)(3)(B) of the Act to be unambiguous and thereby leave no room for agency discretion. *See Brand X*, 545 U.S. at 982.

Accordingly, we will respectfully apply our ruling in *Matter of N-A-M-* to cases arising in the Third Circuit. *See Brand X*, 545 U.S. 967. We point out that this result will promote national uniformity in the application of the particularly serious crime bar for withholding of removal. *See Delgado v. Holder*, 648 F.3d 1095; *Gao v. Holder*, 595 F.3d 549; *N-A-M- v. Holder*, 587 F.3d 1082; *Nethagani v. Mukasey*, 532 F.3d 150; *Ali v. Achim*, 468 F.3d 462, 470 (7th Cir. 2006) (noting that section 241(b)(3)(B) of the Act "does not state a general rule that only aggravated felonies can be considered" particularly serious crimes).

Furthermore, our holding will provide consistency in the treatment of the particularly serious crime bars for asylum and withholding of removal in cases

arising in the Third Circuit. In *Alaka*, the court did not address the asylum bar, which contains different and less particular language than its withholding counterpart. *Compare* sections 208(b)(2)(A)(ii) and (B) of the Act *with* section 241(b)(3)(B) of the Act. Based on the language of section 208(b)(2)(A)(ii), as clarified by section 208(b)(2)(B)(i), we conclude that an offense need not be an aggravated felony to bar asylum and therefore that the nature of the crime and the circumstances underlying the conviction are relevant considerations in the context of both asylum and withholding of removal. *Cf. Matter of R-A-M-*, 25 I&N Dec. 657, 659 (BIA 2012) (citing *Matter of N-A-M-*, 24 I&N Dec. at 342). Thus, if our holding in *Matter of N-A-M-* is not applied in the Third Circuit, there is a potential for the anomalous result that one of the respondent's offenses could be considered a particularly serious crime for purposes of barring his asylum application based on the particular facts and circumstances of his criminal conduct, but that these considerations would not be relevant to his application for withholding of removal.

We conclude that the respondent need not have been convicted of an aggravated felony to be subject to the particularly serious crime bars for asylum and withholding of removal. We will accordingly remand the record for the Immigration Judge to analyze whether either of the respondent's crimes is "particularly serious."

## B. Adverse Credibility Determination

The respondent contests the Immigration Judge's adverse credibility finding. The adverse credibility determination is not clearly erroneous. *See* section 240(c)(4)(C) of the Act, 8 U.S.C. § 1229a(c)(4)(C) (2006); *Chukwu v. Att'y Gen. of U.S.*, 484 F.3d 185, 189 (3d Cir. 2007) ("The REAL ID Act substituted a new standard, according to which credibility determinations may be made 'without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim.'"); *Matter of J-Y-C-*, 24 I&N Dec. 260 (BIA 2007); *see also Matter of R-S-H-*, 23 I&N Dec. 629, 637 (BIA 2003) (explaining the highly deferential nature of clear error review).

The Immigration Judge's adverse credibility determination is based primarily on discrepancies between the respondent's testimony and other evidence about the events underlying his convictions. The totality of circumstances supports the Immigration Judge's finding. *See* section 240(c)(4)(C) of the Act.

Significantly, the respondent's account of events is not consistent with the required elements of the crimes to which he pled guilty, especially indecent assault. The respondent claims that he only pled guilty to bring his criminal proceedings to a conclusion, but the Immigration Judge rejected this

explanation. *See Matter of D-R-*, 25 I&N Dec. 445, 454 (BIA 2011) (explaining that an Immigration Judge is not required to accept a respondent's assertions, even if plausible, where there are other permissible views of the evidence based on the record).

Moreover, there is no clear error in the Immigration Judge's determination that the criminal complaint, bolstered by the testimony of the respondent's witness, is more reliable than the respondent's testimony. The respondent contends that the complaint is not reliable because there were inaccuracies regarding his name and the time of the incident. However, as the Immigration Judge pointed out, the respondent's name was correctly identified on top of the criminal complaint, even though it was listed incorrectly in the body of the document itself. The Immigration Judge also found that the time listed for the underlying event in the complaint was not necessarily a discrepancy, as the respondent argued. We find the Immigration Judge's interpretation of this evidence to be reasonable. *See Matter of D-R-*, 25 I&N Dec. 445.

The Immigration Judge also based his determination on discrepant evidence regarding a July 2006 incident in Pakistan, where the respondent said he was confronted by village elders because he was teaching girls to speak English. The Immigration Judge appropriately considered an omission from the respondent's written statement regarding what he was doing in the time preceding this incident. More significantly, the Immigration Judge assessed the evidence and concluded that the omission of the July 2006 event from some of the supporting documentation undermined the respondent's veracity. We find no clear error here. Moreover, the Immigration Judge explained that his adverse credibility determination primarily rested on the respondent's testimony regarding the events underlying his conviction. Thus, even without considering the findings related to the 2006 incident, we would find no clear error in the adverse credibility determination.

## III. CONCLUSION

We conclude that *Matter of N-A-M-* should be applied in evaluating whether either of the respondent's convictions is for a particularly serious crime, which would bar him from asylum and withholding of removal. We will therefore remand the record for the Immigration Judge to address this matter in the first instance.

In light of this holding, we decline to further address the merits of the respondent's applications for asylum and withholding of removal, and we reserve any determination on whether he has established eligibility for protection under the Convention Against Torture. On remand, both parties should be afforded the opportunity to update the evidentiary record and present additional legal arguments, and the Immigration Judge may revisit the issues

of the respondent's eligibility for relief and protection as appropriate.  If the respondent's crimes are not deemed to be particularly serious, the Immigration Judge should reassess his finding that the respondent did not establish a nexus for purposes of withholding of removal.  He should also examine whether this determination conflicts with the factual findings made in support of his grant of Convention Against Torture protection, which was based, at least in part, on the respondent's homosexuality.

**ORDER:**  The respondent's appeal is dismissed.

**FURTHER ORDER:**  The appeal of the Department of Homeland Security is sustained in part, and the record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.