NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  12-3343
_____

MINIKAN WRETH JOHNSON,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent


_____


On Petition for Review of a Decision of the
Board of Immigration Appeals
BIA No. A079-925-413
(U.S. Immigration Judge: Honorable Walter Durling)
_____


Argued: June 4, 2014


Before: HARDIMAN, SCIRICA, and ROTH, *Circuit Judges*


(Filed: June 16, 2015)


Herbert C. Shelley, Esq.
Jessica L. Urban, Esq. [ARGUED]
Steptoe & Johnson
1330 Connecticut Avenue, N.W.
Washington, DC  20036

    *Counsel for Petitioner*

Jeffrey Bernstein, Esq. [ARGUED]
Margaret O'Donnell, Esq.
Ann C. Varnon, Esq.
United States Department of Justice

Office of Immigration Litigation, Civil Division
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

     *Counsel for Respondent*

———————————

OPINION OF THE COURT

———————————

SCIRICA, *Circuit Judge*.


Minikon Wreth Johnson, a native and citizen of Liberia, appeals the order of the Board of Immigration Appeals ("BIA") concluding his state drug conviction was an aggravated felony rendering him statutorily ineligible for asylum in the United States. Johnson and the government do not dispute the BIA erred in concluding Johnson's conviction to be an aggravated felony. Instead, the central issue in this appeal is the scope of our remand to the BIA. We must decide whether we should remand to the BIA with instructions to reinstate the decision of the immigration judge ("IJ") granting Johnson asylum or for further proceedings on Johnson's eligibility for asylum. We will vacate and remand with instructions to reinstate the IJ's decision.[1]

**I.**

In 1991, when Johnson was six years old, Liberian rebels under Charles Taylor

---

[1] The IJ had jurisdiction over Johnson's removal proceedings under 8 U.S.C. § 1229a. The BIA had jurisdiction to review the IJ's decision under 8 U.S.C. §§ 1103(g) and 1229a(a)(3), and under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have jurisdiction to review questions of law raised in a petition for review of a final order of the BIA under 8 U.S.C. § 1252, *as amended by* REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005).

murdered Johnson's father, a military officer under a prior Liberian government, seriously wounded Johnson's mother, and stabbed Johnson with a bayonet, leaving him for dead. It is undisputed that Johnson's family was targeted and attacked for their actual or imputed political opinion. Johnson, his mother, and his younger brothers escaped to a refugee camp in Ghana. On or around March 17, 2003, Johnson was admitted into the United States as a refugee.

On July 21, 2008, Pittsburgh police arrested Johnson for possession of marijuana. On August 5, 2009, Johnson pleaded guilty to two counts of possession with intent to deliver marijuana in violation of 35 Pa. Stat. Ann. § 780-113(a)(30) and was sentenced to three years' probation and a $1 fine. Based on this conviction, the federal government served Johnson with a Notice to Appear on August 31, 2010, charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for an aggravated felony conviction and under 8 U.S.C. § 1227(a)(2)(B)(i) for a controlled substance conviction. Johnson sought adjustment of status as a refugee under 8 U.S.C. § 1159(b)—with a waiver of inadmissibility under 8 U.S.C. § 1159(c)—and applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

The IJ sustained the charge of removability based on Johnson's controlled substance conviction. But he did not sustain the charge of removability predicated on Johnson's aggravated felony conviction, concluding the record of conviction was insufficient to establish that Johnson's conviction was for an aggravated felony under Third Circuit law. Accordingly, Johnson was not statutorily barred from discretionary relief from removal, and the IJ granted him asylum—a form of discretionary relief—

3

under 8 C.F.R. § 1208.13(b)(1)(iii)(B) on the basis of "other serious harm" Johnson would suffer if removed to Liberia.

The government appealed to the BIA, which vacated the IJ's decision and ordered Johnson removed. The BIA concluded Johnson had been convicted of an aggravated felony and that conviction barred him from receiving asylum. The BIA also denied withholding of removal and CAT relief. Johnson filed a timely petition for review.[2]

## II.

We review the BIA's legal determinations *de novo*, subject to the principles of agency deference articulated in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *Denis v. Att'y Gen.*, 633 F.3d 201, 205–06 (3d Cir. 2011). The determination of whether a petitioner was convicted of an aggravated felony is a legal question subject to *de novo* review. *Thomas v. Att'y Gen.*, 625 F.3d 134, 141 (3d Cir. 2010). We review the BIA's factual findings under the substantial evidence standard. *Briseno-Flores v. Att'y Gen.*, 492 F.3d 226, 228 (3d Cir. 2007).

## III.

There is no dispute the BIA erred in concluding Johnson's conviction was an aggravated felony. The government recognizes "obvious shortcomings" in the BIA's decision and makes no attempt to defend it. *See* Respondent's Br. at 2. Accordingly, we will vacate the BIA's order.

"When the Government alleges that a state conviction qualifies as an 'aggravated felony' under the [Immigration and Nationality Act ("INA")], we generally employ a

---

[2] We stayed Johnson's removal *sua sponte* because it appeared he had a likelihood of success on the merits of his petition.

'categorical approach' to determine whether the state offense is comparable to an offense listed in the INA." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (citations omitted). But the categorical approach only applies if "the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony." *Id.* (internal quotation marks and citation omitted). If a statute of conviction lists elements in the alternative, some of which fit the federal definition and some of which do not, courts apply the modified categorical approach and are permitted "to consult a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013); *see also United States v. Brown*, 765 F.3d 185, 188–91 (3d Cir. 2014) (discussing operation of the categorical and modified categorical approach in light of *Descamps*). Those documents include "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005); *see also Descamps*, 133 S. Ct. at 2284–85 & n.2. Furthermore, in the absence of facts enabling us to determine the elements of the offense for which the defendant was convicted, we assume the defendant's conduct was the least culpable necessary to sustain a conviction under the applicable statute. *Jeune v. Att'y Gen.*, 476 F.3d 199, 204 (3d Cir. 2007); *see also Moncrieffe*, 133 S. Ct. at 1684.

Johnson was convicted of violating 35 Pa. Stat. Ann. § 780-113(a)(30), which prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance . . . ." Because "it is unclear from the face of the statute whether a

conviction under the section automatically qualifies as an aggravated felony," the statute is divisible and the modified categorical approach applies. *Garcia v. Att'y Gen.*, 462 F.3d 287, 293 n.9 (3d Cir. 2006); *see also United States v. Abbott*, 748 F.3d 154, 160 (3d Cir. 2014) ("Pennsylvania's possession with intent to distribute statute, 35 Pa. Stat. Ann. § 780-113(a)(30), is divisible."); *Evanson v. Att'y Gen.*, 550 F.3d 284, 289–90 (3d Cir. 2008) (finding the bare fact of conviction under 35 Pa. Stat. Ann. § 780-113(a)(30) does not satisfy the hypothetical federal felony test or illicit trafficking element test for determining whether a state conviction constitutes an aggravated felony under federal law).

The BIA applied the modified categorical approach and found that Johnson's sentencing order and criminal information demonstrated he pleaded guilty to violating 35 Pa. Stat. Ann. § 780-113(a)(30) for possession of marijuana with intent to distribute and for delivery of marijuana. The BIA concluded Johnson's conviction was an aggravated felony that, as a conviction for a particularly serious crime under 8 U.S.C. § 1158(b)(2)(A)(ii), barred him from receiving asylum.[3]

That conclusion is untenable. The sentencing order shows Johnson pleaded guilty, and the information lists the statutory provisions under which Johnson was charged. Neither document—nor any document we are permitted to examine under *Shepard*—provides any facts indicating Johnson was convicted of an offense that would be an

---

[3] That subsection, 8 U.S.C. § 1158(b)(2)(A)(ii), bars from receipt of asylum an alien who, "having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States." The statute further specifies that "an alien who has been convicted of an aggravated felony shall be considered to have been convicted of a particularly serious crime." *Id.* § 1158(b)(2)(B)(i).

aggravated felony under federal law.[4]  Lacking such facts, the BIA appears to have concluded Johnson's conviction was an aggravated felony based solely on the existence of the conviction.  But it is possible to be convicted of violating 35 Pa. Stat. Ann. § 780-113(a)(30) for conduct that would not be a federal felony—for example, distributing a small amount of marijuana for no remuneration or transferring marijuana to another without consideration.  *See Evanson*, 550 F.3d at 289; *Jeune*, 476 F.3d at 204 ("[T]here are some offenses within the broad scope of 35 Pa. Stat. Ann. § 780-113(a)(30) that are not aggravated felonies, and . . . something more than the bare fact of conviction is required to reach that threshold." (internal quotation marks and citation omitted)).  Moreover, in the absence of facts regarding the elements of the offense for which Johnson was convicted, we assume his "conduct was only the minimum necessary to comport with the statute and record."  *Jeune*, 476 F.3d at 204.

Because we cannot determine whether Johnson's criminal offense qualifies as an aggravated felony and must assume Johnson's conduct was the bare minimum necessary to trigger the statute, the BIA erred in concluding Johnson's conviction was an aggravated felony.  Accordingly, we will vacate the BIA's order.

---

[4] Although the transcript of the plea colloquy indicates Johnson's counsel stipulated to the "factual basis" for the plea, it is unclear from the record what the parties were referring to as the "factual basis."  The government appeared to argue to the BIA that the "factual basis" was the criminal complaint.  But that document was superseded by the information, which contains no factual background.  *See Evanson*, 550 F.3d at 293 n.7 (finding that because the criminal complaint was superseded by a criminal information, the criminal complaint was not the relevant charging document or an appropriate source under the modified categorical approach).  Accordingly, the transcript of the plea colloquy provides no facts enabling us to ascertain the elements of the offense for which Johnson was convicted.

7

Recognizing deficiencies in the BIA's decision, the government asks us to remand to the BIA based on the Supreme Court's holding in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013).[5]  *Moncrieffe* held that "[s]haring a small amount of marijuana for no remuneration, let alone possession with intent to do so, does not fit easily into the everyday understanding of trafficking, which ordinarily . . . means some sort of commercial dealing."  *Moncrieffe*, 133 S. Ct. at 1693 (internal quotation marks and citation omitted).  The government contends *Moncrieffe* changed the applicable law and necessitates remand so the BIA can address in the first instance how *Moncrieffe* affects its decision in this case.  We disagree.

*Moncrieffe* did not change our existing precedent—it confirmed it.  *See, e.g.*, *Thomas v. Att'y Gen.*, 625 F.3d 134, 142 (3d Cir. 2010) (requiring an offense to involve unlawful trading or dealing of a controlled substance in order to contain a "trafficking element"); *Evanson v. Att'y Gen.*, 550 F.3d 284, 293–94 (3d Cir. 2008) ("[A] marijuana conviction under 35 Pa. Stat. Ann. § 780-113(a)(30)—without proof of the amount involved or remuneration—is analogous to a federal misdemeanor . . . ."); *Garcia*, 462 F.3d at 293 ("In order to qualify as an aggravated felony under the illicit trafficking route, a drug conviction must satisfy two requirements: (1) the offense must be a felony under the law of the convicting sovereign, and (2) the offense must contain a "'trafficking element.'").  The analysis of the aggravated felony issue before and after *Moncrieffe* is

---

[5] Prior to briefing and argument, the government filed a motion to remand the case to the BIA for reconsideration in light of *Moncrieffe*.  We denied that motion.  The government renews that argument for remand here.

the same.

Remand in light of a recently decided case is not appropriate if such a case did not make "such a change in the law . . . that [the government] should have a second opportunity on remand to prove . . . [what] it should have, or could have, proved initially." *EEOC v. Westinghouse Elec. Corp.*, 925 F.2d 619, 633 (3d Cir. 1991). Here, the BIA confronted the aggravated felony issue and committed legal error. It was legal error under Third Circuit law before *Moncrieffe*, and it remains error after *Moncrieffe*.[6] Because the BIA "misconceived the law," we can decide the aggravated felony issue without remand. *See SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1943) ("[A]n order may not stand if the agency has misconceived the law."). Accordingly, we will deny the government's request for a remand based on *Moncrieffe*.

## V.

We next evaluate the scope of our remand to the BIA. The government requests we remand to the BIA for a determination of whether Johnson established that he was not convicted of a particularly serious crime rendering him ineligible for asylum, arguing the BIA never reached this issue. Johnson contends the government waived this argument and advocates remand with instructions to reinstate the IJ's decision granting him asylum. Although in a typical case we would remand to the BIA for determination of

---

[6] There are no special circumstances requiring remand here. This is not a case in which the BIA failed to consider the issue before us. *See INS v. Ventura*, 537 U.S. 12, 17 (2002) (per curiam). Nor does the matter require a factual determination and application of law to facts that the BIA had not undertaken. *See Gonzales v. Thomas*, 547 U.S. 183, 186 (2006) (per curiam). And this is not a case in which deficiencies in the BIA's decision make meaningful review impossible. *See Kayembe v. Ashcroft*, 334 F.3d 231, 238–39 (3d Cir. 2003).

whether the noncitizen met his burden of showing eligibility for asylum, we agree with Johnson that in this case the government waived that argument.

## A.

The IJ found Johnson removable under 8 U.S.C. § 1227(a)(2)(B)(i) for his controlled substance conviction. A removable noncitizen who has committed a criminal offense, such as Johnson, faces two major impediments to receiving asylum. *Cf. Syblis v. Att'y Gen.*, 763 F.3d 348, 357 (3d Cir. 2014) (discussing this two-step analytical approach in the context of discretionary cancellation of removal). First, the government may seek to show the noncitizen was convicted of a particularly serious crime[7] barring him from receiving asylum. *See* 8 U.S.C. § 1158(b)(2)(A)(ii) (rendering a noncitizen ineligible from receiving asylum "if the Attorney General determines that . . . (ii) the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States"). Although the statute does not speak to a burden of proof on this issue, the statutory language indicates the government bears a burden of production to show the noncitizen was convicted of a particularly serious crime. And the evidence the government produces must be "clear

---

[7] The asylum statute uses the phrase "particularly serious crime," not "aggravated felony." We have held in the withholding of removal context that "an offense must be an aggravated felony in order to be classified as a 'particularly serious crime.'" *Alaka v. Att'y Gen.*, 456 F.3d 88, 105 (3d Cir. 2006) (citations omitted). The BIA has declined to follow *Alaka*—even in cases arising in the Third Circuit—contending we failed to expressly hold in *Alaka* that the language of the withholding statute was unambiguous and left no room for agency discretion. *See In re M-H-*, 26 I. & N. Dec. 46, 49–50 (BIA 2012) ("We conclude that the respondent need not have been convicted of an aggravated felony to be subject to the particularly serious crime bars for asylum and withholding of removal."). But we need not decide whether *Alaka* applies in the asylum context or reevaluate that decision because the issue was neither briefed by the parties nor is necessary to resolve this case.

and convincing." *See Nijhawan v. Holder*, 557 U.S. 29, 42 (2009).

Second, the removable noncitizen must establish by a preponderance of the evidence that he is eligible for some form of discretionary relief from removal—in Johnson's case, asylum. Under the statute governing removal proceedings, 8 U.S.C. § 1229a(c)(4)(A), the noncitizen has the burden of establishing that he "satisfies the applicable eligibility requirements" for discretionary relief and "merits a favorable exercise of discretion." "If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." 8 C.F.R. § 1240.8(d). The statutory and regulatory language clearly places the burden of proof on the noncitizen.

The Supreme Court appears to endorse this two-step approach. In *Moncrieffe*, the Court noted that a noncitizen convicted of any marijuana distribution offense, even a misdemeanor, would still be removable as a controlled substance offender under 8 U.S.C. § 1227(a)(2)(B)(i). *Moncrieffe*, 133 S. Ct. at 1692. But the noncitizen who is not an aggravated felon may seek discretionary relief from removal, such as asylum, provided he satisfies the other eligibility criteria. *Id.* Accordingly, the Court noted the government's failure to establish that a noncitizen was convicted of an aggravated felony meant only that the noncitizen was not barred from discretionary relief, not that the noncitizen had established his eligibility for discretionary relief. *Id.*

**B.**

Johnson is in the position of the noncitizen contemplated in *Moncrieffe*. Johnson

is removable for his controlled substance conviction, but he is not an aggravated felon barred from discretionary relief from removal. Accordingly, Johnson may seek asylum, a form of discretionary relief, provided he establishes that he meets the eligibility criteria. *See* 8 U.S.C. § 1229a(c)(4)(A) (noting a noncitizen applying for relief from removal has the burden of establishing eligibility for that relief and that he merits a favorable exercise of discretion). If the evidence indicates one or more grounds for mandatory denial of his application for discretionary relief may apply, Johnson must show by a preponderance of the evidence that such grounds do not apply. *See* 8 C.F.R. § 1240.8(d).

The government has produced evidence of Johnson's drug conviction. In a typical case, therefore, Johnson would be required to show by a preponderance of the evidence that he was not convicted of a particularly serious crime in order to be eligible for asylum. *Cf. Syblis*, 763 F.3d at 357. But here the government has failed to preserve this issue for appeal.

When appealing to the BIA, "[t]he party taking the appeal must identify the reasons for the appeal in the Notice of Appeal . . . or in any attachments thereto, in order to avoid summary dismissal . . . ." 8 C.F.R. § 1003.3(b); *see also Hoxha v. Holder*, 559 F.3d 157, 161 (3d Cir. 2009). The government appealed two issues to the BIA: (1) that Johnson was convicted of an aggravated felony and barred from receiving asylum, and (2) that Johnson did not meet his burden of proving he was not convicted of an aggravated felony for purposes of demonstrating his eligibility for asylum. The BIA never reached the second issue. Accordingly, the government appears to argue we should remand to the BIA for determination of whether Johnson met his burden of showing he

was not convicted of a particularly serious crime.

But the government's appeal to the BIA did not focus on whether Johnson was convicted of a *particularly serious crime*, but rather on whether he was convicted of an *aggravated felony*. The government's argument to the BIA was that a particularly serious crime is synonymous with an aggravated felony. *See* A.R. 84 (contending in the Statement of Basis of Appeal that Johnson was convicted of an aggravated felony and "is thus considered to have been convicted of a particularly serious crime"); *Id.* at 24 (renewing this argument in its brief to the BIA and noting that "[h]aving been convicted of a particularly serious crime, the respondent is ineligible to receive asylum").[8]

Now that it is clear that Johnson was not convicted of an aggravated felony, the government appears to advance a different argument—that Johnson's state drug conviction, even if not an aggravated felony, could nonetheless be a particularly serious crime. But the government, as appellant, never properly raised this argument before the BIA, so the issue is waived. *See Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 249 (3d Cir. 2013) ("We generally refuse to consider issues that the parties have not raised below."); *Frank v. Colt Indus., Inc.*, 910 F.2d 90, 100 (3d Cir. 1990) ("We hold that the defendant has waived this argument by its failure to present it in the proceedings prior to this appeal.").

Although the government referred to Johnson's failure to establish he was not convicted of a particularly serious crime in its brief to the BIA, it did so in a section

---

[8] That argument is consistent with the asylum statute, which provides that "an alien who has been convicted of an aggravated felony shall be considered to have been convicted of a particularly serious crime." 8 U.S.C. § 1158(b)(2)(B)(i).

focusing on whether Johnson had established he was not convicted of an aggravated felony. Such a passing reference is insufficient to preserve the issue on appeal. *See, e.g.*, *Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 202–03 (3d Cir. 2004) (holding an issue is waived unless a party raises it in its opening brief and "for those purposes a passing reference to an issue will not suffice to bring that issue before this court" (internal quotation marks and citations omitted)). Moreover, because the government waived the issue before the BIA, it cannot resurrect it in this appeal. *See, e.g.*, *id.* at 203 ("We have consistently rejected such attempts to litigate on remand issues that were not raised in a party's prior appeal and that were not explicitly or implicitly remanded for further proceedings.").

Our conclusion that the government waived this issue is bolstered by gaps in the government's appellate brief in these proceedings. "[A]bsent extraordinary circumstances, briefs must contain statements of all issues presented for appeal, together with supporting arguments and citations." *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1065 (3d Cir. 1991); *see also* Fed. R. App. P. 28(a)(5), (8) & (b) (requiring appellee's brief to include a statement of the issues presented for review and appellee's "contentions and the reasons for them"); 3d Cir. L.A.R. 28.2 (2008) (noting appellee's brief must comply with Fed. R. App. P. 28(b)). The government's brief focuses on the supposed impact of *Moncrieffe* on the BIA's decision and requests remand on that basis. It makes only passing reference—without any development of the argument—to the BIA's failure to consider whether Johnson met his burden of proving his conviction was not for a particularly serious crime. *See Simmons*, 947 F.2d at 1066 ("[A] passing

14

reference to an issue in a brief will not suffice to bring that issue before this court on appeal."). Nor does the government address the complex issues inherent in the question it belatedly and briefly presents—whether a particularly serious crime differs from an aggravated felony and whether Johnson's conviction could be the former but not the latter. *See Frank*, 910 F.2d at 100 ("Particularly where important and complex issues of law are presented, a far more detailed exposition of argument is required to preserve an issue.").

Accordingly, on the procedural facts presented here, we conclude the government has waived the issue of whether Johnson met his burden of proving he was not convicted of a particularly serious crime rendering him ineligible for asylum.

## V.

For the foregoing reasons, we will grant the petition for review, vacate the BIA's decision, and remand to the BIA with instructions to reinstate the IJ's decision granting Johnson asylum. To the extent that the BIA has not yet completed the identity, law enforcement, and security investigations or examinations required by 8 C.F.R. § 1003.1(d)(6) for the granting of Johnson's asylum, it may first complete such identity, law enforcement, and security investigations or examinations.