AMBRO, Circuit Judge, dissenting
I join in full Judge McKee's dissent relating to the interpretation of "by regulation" in 8 U.S.C. § 1158(b)(2)(B), which deals with asylum. Thus, I write only with respect to whether a "particularly seriously crime" in the withholding-of-removal provision of 8 U.S.C. § 1231(b)(3)(B) covers more than an aggravated felony. It reads in part as follows:
[Withholding of removal] does not apply... if the Attorney General decides that-
(ii) the alien, having been convicted by a final judgment of a particularly serious crime is a danger to the community of the United States;
...
For the purposes of clause (ii), an alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime. The previous sentence shall not preclude the Attorney General from determining that, notwithstanding the length of sentence imposed, *275 an alien has been convicted of a particularly serious crime.
Judge Shwartz, writing for the majority, holds that a "particularly serious crime" is not limited to an aggravated felony. This overrules the contrary reading of Alaka v. Attorney General , 456 F.3d 88, 104-05 (3rd Cir. 2006), a decision I authored as a matter of statutory interpretation. Though I disagree with our new interpretation, I commend Judge Shwartz for construing the withholding-of-removal provision in that analytical framework instead of focusing on whether the BIA's decision, rendered after Alaka , in In re: M-H- , 26 I & N Dec. 46 (BIA 2012), is entitled to Chevron deference, an issue neither briefed nor decided in Alaka .
I do, however, continue to believe that Alaka got this right, and that the majority misreads the language of the withholding-of-removal statute. The first sentence of the clarifying paragraph makes all aggravated felonies carrying a sentence of more than five years particularly serious; the second, which expressly refers back to "[t]he previous sentence," authorizes the Attorney General to declare certain other crimes as particularly serious "notwithstanding the length of sentence imposed." On its face this appears to mean that the Attorney General's discretion qualifies only aggravated felonies that resulted in a prison sentence of less than five years, and it does not extend to other crimes. See Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 154 (2012) ("A proviso conditions the principal matter that it qualifies-almost always the matter immediately preceding.").
Thus the provision creates a three-tiered system: (1) certain aggravated felonies automatically are particularly serious (those with actual, aggregated prison sentences of at least five years); (2) other aggravated felonies with lesser prison sentences can be considered particularly serious on a case-by-case basis free of the need to do so by regulation; and (3) all other crimes are not particularly serious.[1]
The majority holds to the contrary that the Attorney General's power conferred by the second sentence is effectively unlimited, but this does not fit the language of the statute. If that had been Congress's intent, it would have worded the provision differently, either adding "for any crime" after "notwithstanding the length of sentence imposed" or simply stating that "the previous sentence shall not preclude the Attorney General from determining in any other case that an alien has been convicted of a particularly serious crime." Yet Congress did not enact any such addition. Neither should a court.
I respectfully dissent.

456 F.3d 88 (3d Cir. 2006).